In the Matter of the Application of WILLIAM F. DURLAND, Commissioner of Social Welfare of Orange County, Petitioner, for a Review of the Determination of DAVID C. ADIE, State Commissioner of Social Welfare, Respondent, in the Matter of the Settlement of JAMES HORRIGAN.

TOWN OF HIGHLANDS, Intervenor, Petitioner; CITY OF NIAGARA FALLS, Impleaded Respondent.

Supreme Court, Special Term, Albany County, December 28, 1939.

*William J. Haft,* for the petitioners.

*John J. Bennett, Jr., Atterney-General [Henry Epstein, Solicitor-General, Nathaniel Fensterstock* and *Clarence M. Maloney, Assistant Attorneys-General,* of counsel], for the respondent David C. Adie.

*J. William O'Brien, Corporation Counsel,* for the added respondent City of Niagara Falls.

BERGAN, J. The proceeding is addressed to a determination of the respondent David C. Adie, as State Commissioner of Social Welfare, which decided a controversy between two public welfare districts. The controversy arose over the right of the welfare district comprising the county of Niagara to charge the welfare district comprising the county of Orange with the cost of relief administered to a family having a settlement in Orange county, but seeking and receiving relief while staying within the county of Niagara. Subdivisions of the respective county welfare districts, the city of Niagara Falls and the town of Highlands, are ultimately involved in the controversy. The town joins in the petition and the city has been added as a party respondent in the proceeding. A controversy between public welfare districts of this character is determined by the State Commissioner of Social Welfare and his decision is final unless the district against which the decision is made shall " enter a proceeding in the Supreme Court." (Pub. Welfare Law, § 58.) It would follow that such a proceeding, in all of its aspects except the limitation of time for its institution, is to be governed by article 78 of the Civil Practice Act.

Since there seems to be no issue of any essential fact involved, the questions raised in the proceeding are to be determined by the Special Term as a matter of law. (Civ. Prac. Act, § 1295.)

Prior to 1931 the relief recipient and his family had a " settlement " in the town of Highlands in Orange county. (Pub. Welfare Law, § 53.) Such a settlement acquired in the first instance by residence of a year, continues under the provisions of that section " until he shall have gained a like settlement in some other town or city of the State." No such new settlement is gained until a person has resided continuously for one year in the district to which he has removed " without receiving public relief or care " for himself or his family. (§ 56.)

On September 21, 1931, the recipient of relief removed with his family from the town of Highlands to Niagara Falls. Almost immediately (September 30, 1931) he applied for relief to the welfare authorities of that city. His application for relief stated he had resided in Niagara Falls for twenty-two years and that Niagara Falls was his legal residence. From October 1, 1931, to October 11, 1939, the city of Niagara Falls paid $7,590.89 for the relief of the applicant and his family. Relief was given through each of the intervening years, and accordingly the recipient has never acquired a settlement in the Niagara welfare district within the scope of section 56 of the Public Welfare Law.

The Niagara authorities discovered in February, 1939, that the settlement of the relief recipient was in Orange county, and on March 1, 1939, notified in writing the welfare commissioner of Orange county. (§ 58.) Claim is made for reimbursement to Niagara for expenditures beginning thirty days prior to such notification, but for expenditure made earlier than that, about $6,400, no claim for reimbursement is made. The claim was rejected by the Orange county authorities and the State Commissioner whose determination is here reviewed has decided that it should be allowed.

The petitioners contend that the provisions of the statute now operate as a full bar to the claim and that, therefore, the State Commissioner's determination is erroneous as a matter of law. Section 58 is the governing statute. It provides that the notification to the welfare district in which the settlement exists by the commissioner in the district granting relief shall be " as soon as possible, and not later than thirty days after the application for relief and care " is made. It is further provided by the section that " failure to so notify * * * within the time specified shall be considered an acceptance of responsibility for the support of such person and shall bar any subsequent action to contest the responsibility."

A construction of the statute is narrowed down to a definition of the words " application for relief and care." The expression is used in several sections of the Public Welfare Law. It is not precisely defined by the statute. The only written application to the Niagara Falls authorities seems to be that of September 30, 1931. By the misstatements of the applicant, the authorities of that district were misled into believing that the applicant's settlement was in their district. They had, of course, the duty of investigation. (§ 78.) But a presumption that they performed their duty attaches to their official acts.

It is readily concluded that when they discovered the actual settlement of the applicant, prompt notice was sent. A substantial loss resulted to the Niagara district which must be borne by it and a substantial saving inured to the Orange district. Certainly the latter has not been harmed by the delay.

I think the " application for relief and care " is not limited to the initial formal or written application. An " application " is made each time that rent or food, medicine or other assistance is sought of welfare authorities by the relief recipient. Nothing I have discovered in the statute prohibits this construction, or places any emphasis upon the original or formal application, or indeed, makes special provision for such original or formal application. The scheme of the statute is, merely, that the district in which the

settlement exists shall not be charged for relief during a period in which it has no notice that relief is being furnished elsewhere to one for whom it is responsible. Each district should have prompt notice of the fiscal obligations which it must assume, and it is as to such a period for which notice has not been given that the acceptance of responsibility for aid is created by the statute.

Relief given after the notice and for a period of thirty days prior thereto may be charged to the proper district without the necessity of any further written or formal application for relief. This is the practical construction that has been placed on the statute by the administrative officers who enforce it, and it is a reasonable construction that will not now be disturbed.

Petition dismissed, without costs.

Submit order.