Felix J. Aulisi, J.
This is a proceeding to compel respondent, as Commissioner of Public Welfare of Saratoga County, to accept hospital charges of one Harriet K. Mann, an allegedly medically indigent person and to make them a public charge against the welfare district of Saratoga County.
*68 Respondent has moved to dismiss the petition on the grounds that petitioner failed to obtain and failed to allege that the hospital had obtained prior authorization from respondent’s predecessor in office; that no application for public assistance in the form of hospital care was ever made to respondent’s predecessor in office by Harriet K. Mann or on her behalf by petitioner; that petitioner failed to comply with the terms and provisions of section 187 (subd. 2, par. [a]) of the Social Welfare Law; that the facts alleged in the petition do not come within the terms, conditions and provisions of section 187 (subd. 2, par. [a]) of the Social Welfare Law covering admission of patients in case of emergency without prior authorization of the public welfare official empowered to authorize hospital care; that the proceeding has not been commenced within the time specified by law under section 1286 of the Civil Practice Act; that the petitioner is guilty of laches, and that the prayer for relief is legally improper in form under the statute.
The facts are undisputed that on June 18, 1956, Harriet K. Mann, a resident of Saratoga County, was admitted as an emergency patient to the hospital operated by the petitioner, with a broken hip suffered as a result of a fall in a department store in the City of Amsterdam. She remained as a patient in petitioner’s hospital until January 11, 1957.
Petitioner alleges that subsequent to the admission of Harriet K. Mann, and prior to October 3,1956, it caused an investigation to be made of her financial responsibility to pay for the hospital services rendered, and petitioner determined that except for hospitalization insurance which paid for hospitalization for petitioner from June 18,1956 to October 3,1956, that Harriet K. Mann was financially irresponsible and medically indigent. On the 3d day of October, 1956, petitioner sent to the Saratoga County Department of Public Welfare, a notice of admission with a request and authorization for hospital care. This was answered by respondent by a form letter in which the request of October 3 was disallowed for the reason that no application for assistance was filed. Subsequently, and on October 9, 1956, as a result of a telephone conversation between petitioner and respondent, a letter was sent by respondent to the petitioner stating in substance that some inquiries regarding Harriet K. Mann were made and by their investigation they found that she had a “ suit pending for compensation for injury for which she was hospitalized ”. That she had retained an attorney and that petitioner contact him to find out whether he expects a settlement in the near future. There followed a long series of correspondence and telephone conversations following the same
*69 pattern as above and dating from October 9, 1956 to June 8, 1960. Nowhere does it appear to my satisfaction that respondent ever unqualifiedly refused to accept responsibility for the payment of the hospitalization except for the letter of June 8, 1960 when such determination was made. This proceeding was instituted within four months of this date or on September 16, 1960.
Although respondent contends that petitioner failed to comply with section 187 (subd. 2, par. [a]) of the Social Welfare Law, which read: “ As far as practicable, no patient whose care is to be a charge on a public welfare district, or a subdivision thereof, shall be admitted to a hospital without the prior approval of the public welfare official responsible, pursuant to any provisions of this chapter, for the authorization of such care ”. Respondent does not seriously question that Harriet K. Mann was an emergency patient at the time of her admission to petitioner’s hospital on June 18, 1956, and in my opinion the petitioner under the circumstances is relieved of such compliance.
Respondent further contends that petitioner failed to follow paragraph (c) of subdivision 2 of said section. As to this contention Justice Bebgan in Amsterdam City Hosp. v. Hoffman (278 App. Div. 292, 295) said: “ But the need for literal compliance with the provisions of the statute in these respects seems to be no longer an open question in this court in view of the decision in 1946 in the matter of St. Joseph’s Hosp. v. Hillman (270 App. Div. 972, affd. 297 N. Y. 502).”
The allegation that no application for public assistance in the form of hospital care was ever made to respondent’s predecessor in office by Harriet K. Mann, or on her behalf by petitioner is without merit. As was stated in Matter of Durland v. Adie (172 Misc. 960, 962): “An ‘ application ’ is made each time that rent or food, medicine or other assistance is sought of welfare authorities by the relief recipient. Nothing I have discovered in the statute prohibits this construction, or places any emphasis upon the original or formal application or indeed, makes special provision for such original or formal application ”, The notice of admission request and authorization for hospital care sent to the respondent on October 3, 1956 fully apprised the respondent of what was desired and as the petition and accompanying paper recite that said notice was approved by the said Harriet K. Mann, said allegation, for the purposes of the motion, must be deemed true.
Turning to the contention that petitioner is guilty of laches, “It is well.settled that delay.in and of itself is not sufficient to institute a bar. There must be, in addition, such a change *70 of situation as to make it inequitable to grant the relief sought ’ ’ (Seligson v. Weiss, 222 App. Div. 634, 638). And as was stated in Feldman, Metropolitan Life Ins. Co. (259 App. Div. 123, 125), ‘ ‘ Laches, however, is not mere delay, but delay that works disadvantage or injury. * * # The defense as pleaded herein is deficient in form as it fails to include allegations showing not merely delay but also injury, change of position, intervention of equities, loss of evidence, or other disadvantage resulting from such delay.”
It is my opinion that there was no reason on the part of the petitioner to believe other than that the matter would be adjusted and that resort to the courts would be unnecessary in view of the negotiations that took place between the parties.
Lastly, respondent objects to the petition on the ground that the prayer for relief is legally improper. There is no merit to this argument. Justice Bergan, in the Matter of Dillon v. Roberts (193 Misc. 6, 8), said: ‘‘ Indeed, the form of remedy, under modern practice, is of little importance since, if facts stating ground for relief are pleaded, the court must grant the appropriate remedy, whatever the proceeding may be called in name. The petitioner ‘ shall demand the relief ’ to which he ‘ supposes himself entitled ’ (Civ. Prac. Act, § 1288); but the court ‘ shall grant the relief to which it deems he is entitled ’ (Civ. Prac. Act, § 1300).”
The motion to dismiss the petition is, therefore, denied, without costs, and an order may be submitted accordingly.