Joseph Life, J.
This proceeding is brought under article 78 of the CPLR for an order compelling the respondent, as Commissioner of Public Welfare of Nassau County, to pay hospital charges incurred for the care of an alleged medically indigent person.
The proceeding was begun by notice and petition, and the prescribed procedure required the respondent either to serve a formal answer and affidavit in response to the petition, or to make a motion to dismiss based on objections in point of law (CPLR 7804, subds. [e], [f]). The respondent instead simply filed an answering affidavit. The technical deficiency in pleading is important to the extent that it leaves unanswered the petitioner’s claim that a prior demand for payment of the hospital bill had been made. That issue is resolved in petitioner’s favor, and the objections set forth in respondent’s affidavit are considered on the merits.
On March 30, 1963 the petitioner’s mother was admitted to Nassau Hospital in Mineóla as an emergency case. She was discharged on May 24, 1963, and thereafter placed by the Nassau County Welfare Department in the A. Holly Patterson Home for the Aged and Infirm where she presently resides.
The hospital bill for services rendered to the petitioner’s mother totalled $1,667.70, of which amount $1,183.67 was covered by hospitalization insurance. There is an unpaid balance due the hospital in the sum of $438.73. The respondent has refused to make payment because of the hospital’s failure to comply with section 187 (subd. 2, par. [c]) of the Social Welfare Law. This section provides that the cost of care of an indigent patient admitted to a hospital in an emergency shall be a charge against a welfare district only when authorized bv *384 the Commissioner. In addition, it requires the hospital to send to the welfare officer ‘ ‘ within forty-eight hours of the admission ” a report of the facts of the case and a statement by the attending physician “as to the necessity of the immediate admission ” of the patient.
There is no dispute in this case that neither the petitioner nor the hospital gave notice of the admission within the 48-hour period. The petitioner, however, within 9 days after her mother’s admission to the hospital, applied for public assistance in behalf of the patient, and employees of the Welfare Department subsequently investigated the merits of the application. Approval of the request for assistance must be presumed, for the respondent admits the petitioner’s mother is a medically indigent person. The respondent’s investigation of the case makes him chargeable with notice of the hospitalization and that expenses would be incurred for the care and treatment of the patient. The respondent’s failure to interpose an answer in this proceeding also warrants a finding that a demand for payment was made prior to the commencement of this proceeding. Under the circumstances, the petitioner is entitled to relief.
Literal compliance with the provisions of section 187 (subd. 2, par. [c]) of the Social Welfare Law is not mandatory where the welfare district is chargeable with the care of a medically indigent person (Matter of St. Joseph's Hosp. v. Hillman, 270 App. Div. 972; Matter of Amsterdam City Hosp. v. Gemmiti, 29 Misc 2d 67) provided the petitioner is not guilty of gross laches in giving notice of the facts and demanding payment (Matter of Amsterdam City Hosp. v. Hoffman, 278 App. Div. 292). Reasonable compliance with both conditions is shown in this case.
The respondent’s request to dismiss on the ground that the petitioner has failed to exhaust her administrative remedies by seeking a review of the Commissioner’s action is denied. Section 214 of the Social Welfare Law is cited to support this alleged defense. That section, however, relates solely to appeals made in relation to applications for old age assistance under title 6 of article 5 of the statute. No similar provision is incorporated in title 4 of article 5 of the Social Welfare Law governing medical care for the indigent.
The petition is granted. Submit judgment with direction for payment upon completion of forms required by the Commissioner.
*385 Í