In the Matter of the Application of THEODORE R. ISERMAN and Another, Petitioners, for a Mandamus Order and Other Relief against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, Respondents, and CRAWFORD W. HAWKINS and Another, Impleaded, Respondents.

Supreme Court, Kings County, October 27, 1933.

*Bruce Bromley [Otis S. Carroll, Harry G. Anderson* and *T. R. Iserman* of counsel], for the petitioners.

*Arthur J. W. Hilly, Corporation Counsel [George Ward, Assistant Corporation Counsel,* of counsel], for the respondents.

*Satterlee & Canfield [Lloyd F. Thanhouser* of counsel], for the impleaded respondent Hawkins.

*Edward J. McCann,* for the impleaded respondent Patrick J. McCann.

CUFF, J. This is an application to require the board of elections to produce for examination by petitioners the registration books and the nominating petitions for assemblyman and alderman of the independent group known as the Recovery party for the first assembly and thirty-third aldermanic districts, respectively, having to do with the election to be held on November seventh next.

The object of this examination is admittedly to furnish petitioners with information upon which to move this court to strike out said nominating petitions.

Petitioners complain that the nominees of the Recovery party, respondents herein, are not true and *bona fide* members of that independent group. They charge further in substance that their nominations are a fraud against the Recovery party.

Petitioners are the nominees of the Republican party and the independent group known as the Fusion party for alderman and assemblyman in the thirty-third aldermanic and first assembly districts, respectively. They have instituted this proceeding under section 330, subdivision 2. I do not think that they are the proper parties to bring on this application. From its very nature the motion should be made by a *bona fide* member of the Recovery party. It might be asked: What is meant by a " candidate aggrieved " as referred to in section 330 of the Election Law. There may be many instances, but the example that readily comes to mind is where an independent nomination is made of a person bearing the exact name of a candidate already nominated by another party, and it is clearly established that that was done with no hope of electing such independent nominee, but solely for the purpose of splitting the vote of the other. In a case of that kind no one would deny that the rival candidate was aggrieved and should obtain relief under section 330. Petitioners are not aggrieved candidates within the meaning of that section. All applications of this character must be made in good faith. Can it be said that petitioners' motives were good when their only aim is to remove the opposition to their own elections? They would deprive the electorate of their districts of the opportunity to vote for alderman and assemblyman on the Recovery party ticket. Petitioners are not interested in the welfare of the Recovery party, nor are they seeking to purify the nominations made by that party for the benefit of that party. As contestants against the Recovery party they should not be permitted to inject themselves into the internal affairs of that party.

This application lacks good faith.

A further reason for denying petitioners the relief they ask is that their application is purely and simply a " fishing excursion."

The application is denied.