In the Matter of JEREMIAH F. CROSS, Petitioner, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Bronx County, July 14, 1944.

*Samuel M. Birnbaum* for petitioner.

*Sidney Sugarman* for Peter A. Quinn, respondent.

*Leo Isaacson* for American Labor Party of Bronx County.

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro, of counsel), for Board of Elections of the City of New York, respondents.*

EDER, J. The petitioner seeks an order under sections 330 and 335 of article 14 of the Election Law, adjudging invalid, null and void and directing the Board of Elections to strike out a certificate purporting to designate the respondent Peter A. Quinn to fill a vacancy in a designation caused by the declination of the candidate for the nomination by the American Labor Party for the public office of representative in Congress of the 26th Congressional District, New York, to be voted for at the primary election to be held on August 1, 1944.

The petitioner alleges that he is a duly qualified voter of this State residing in Bronx County, and is a duly qualified voter of the Democratic Party residing in and entitled to vote in the said Congressional District at said primary election to be held on August 1st; he also avers that he institutes this proceeding as an aggrieved candidate for nomination by the Democratic Party for said office.

It is asserted by the petitioner that the certificate purporting to designate the said Peter A. Quinn to fill such vacancy was filed with the Board of Elections on July 5, 1944; that such filing of the certificate was untimely and is therefore, invalid, null and void, as failing to meet the provisions of section 140 of the Election Law, subdivision 3, thereof. Section 140 is entitled " *Times for filing petitions and certificates and for holding conventions;*" and subdivision 3 provides as follows: " 3. A certificate to fill a vacancy in a designation caused by declination shall be filed not later than the fourth Tuesday preceding the primary election."

Thus it appears that such day was July 4th, a legal holiday. It is without dispute that the certificate naming respondent Peter A. Quinn was not filed until Wednesday, July 5th, a day following the fourth Tuesday provided for in the statute in question.

Two points are made by the American Labor Party and its Committee on Vacancies in Bronx County, in opposition, viz., (1) that this court is without jurisdiction to proceed herein on the ground that the American Labor Party and its said Committee on Vacancies in Bronx County are necessary parties to this proceeding but have not been joined therein; (2) that in the circumstances shown, the certificate must be regarded as filed in time.

As to the first ground, I am of the opinion that it is a good objection in such a proceeding as this, but does not go to jurisdiction. The petitioner contends that there is no provision in the Election Law which requires that a committee on vacancies be made a necessary party and *Yearwood* v. *Cohen* (37 N. Y. S. 2d 577) is cited. That case is not in point; it holds merely that upon such an application as this the candidate is a necessary party. As to whether the committee on vacancies is a necessary party was not the question involved.

It is my view that the Committee on Vacancies is a necessary party and has as much interest in the proceeding and concern as the candidate. Assume the candidate is indifferent or unrepresented — certainly the Committee should have the right to be heard and to uphold the designation of the Party as made by its authorized agency. There are other obvious reasons which require such a ruling to the end that the rights of real parties in interest may not be thwarted. The failure to make the Committee on Vacancies a party to this proceeding was a cause for valid objection. In *Campbell* v. *O'Day* (53 Col. 554) the appeal was from a judgment which was entered in an action to compel a county clerk to certify the name of one person as candidate for an office instead of that of another candidate, and it was held that where all the parties who would be affected by the judgment are not before the court, the court would in the exercise of its discretion decline to proceed.

In that case the county committee and the County Clerk were made parties; others who would be affected by any judgment entered were not made parties and were not before the court for which reason it declined to proceed and dismissed the action. I am in accord with such view. However, under section 192 of the Civil Practice Act, nonjoinder and misjoinder are not causes for ouster of jurisdiction; " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice require ".

It also appears that the said American Labor Party and its said Committee have filed an affidavit going to the merits, and hence this constitutes a general appearance in the proceeding herein.

I therefore proceed to dispose of the matter on the merits, and reach the conclusion that the certificate of designation assailed was duly filed and is valid.

With respect to the filing of nomination papers, it is stated that: "As a general rule, statutory provisions requiring a petition, certificate, or application of nomination, to be filed with a specified officer within a stipulated period of time are mandatory. * * * It may be said, however, that the number of days is ordinarily computed by counting the consecutive days backward from the date of the election, and that of a specified number usually the first day is to be included and the last day excluded." (18 Am. Jur., Elections, § 130.)

It has been held that where the statute requires the filing of a petition not less than twenty days before the primary the computation is made by counting back twenty days, excluding the day of election and where the last day on which a certificate of nomination could be filed falls on a Sunday or legal holiday, the certificate must be filed on the day prior, to be in time, which appears to be the rule applied in jurisdictions where the question has arisen. (*Griffin* v. *Dingley,* 114 Cal. 481; *Seawall* v. *Gifford,* 22 Idaho 295; *State* v. *Falley,* 9 N. D. 464; 20 C. J., Elections, § 148; 18 Am. Jur., Elections, § 130.)

Consequently, applying the same rule of computation here, July 4th was the last day to file the certificate with the Board of Elections. The fact that it was a legal holiday does not extend the time for filing (cases, *supra*), for in such a situation, it should be filed the day before (cases, *supra*); that is what the said American Labor Party endeavored to do here. There is the positive allegation in the affidavit of its attorney that on July 4th he attempted to file with the Board of Elections the certificate designating Quinn, as aforementioned, but found the office of the Board of Elections was closed, and I am informed by inquiring at the Board of Elections that its office was closed on July 4th.

Said affiant also avers, without equivocation, that the day before, i.e., on July 3d, at about 8:00 P.M. of that day, he attempted to file with the Board of Elections, the aforesaid certificate but that the office of the Board was closed. The Assistant Corporation Counsel, representing the Board informed the court that the office of the Board closed at 6:00 P.M. of that day.

The inability to file the certificate on that day, was due to no fault of the American Labor Party which had until midnight of July 3d, in which to file the certificate (*Matter of Norton,* 34 App. Div. 79); thus was done all that could be done to accomplish filing. In *Earl* v. *Lewis* (28 Utah 116) it was held that where a person in charge of the certificates of nomination of candidates by a political party was prevented from filing them with the town clerk because of his absence, and his office being closed, they may be regarded as filed on the day they were presented. I am in accord with that view.

For the foregoing reasons, I find the said certificate to be valid and properly filed, and accordingly, the petition and proceeding herein are dismissed.