## SECOND DEPARTMENT, SEPTEMBER, 1944.
### (September 15, 1944.)

In the Matter of PEARL GABERMAN, Appellant, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents. In the Matter of EVE ROSENBERG, Appellant, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents. In the Matter of EVE ROSENBERG, Appellant, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— Orders affirmed, without costs. Assuming that the proceedings were commenced within the fourteen-day period prescribed by statute (Election Law, § 330, subd. 1), we hold that in any event the petitioners herein have no standing to bring these proceedings. They are not parties aggrieved within the meaning of the Election Law. (*Matter of Dimentstein* v. *Frankle,* N. Y. L. J., Sept. 13, 1938, p. 647, col. 5 [not otherwise reported], affd. without opinion, 255 App. Div. 722.) Carswell, Johnston and Lewis, JJ., concur; Close, P. J., and Adel, J., dissent and vote to reverse the orders and to remit the proceedings to Special Term for consideration on the merits, with the following memorandum: In our opinion the service by mail, pursuant to the show cause order, was good and complete and petitioners are proper parties within the purview of the Election Law. In our opinion *Matter of Dimentstein* v. *Frankle* (cited by the majority, *supra*) is not controlling. The observations of the Special Term are purely dicta. The petition in that case was not dismissed but was decided upon the merits and, as the affirmance by this court was without opinion, it may be assumed that it was affirmed upon the merits;

otherwise, the petition would have been dismissed instead of the court denying relief, as was done.