In the Matter of SPENCER C. YOUNG, Respondent. AARON M. ORANGE et al., as Candidates of Industrial Government Party, Appellants.

Argued October 25, 1946; decided October 25, 1946.

*Jacob Goldsmith* for appellants.

*Robert E. Whalen, Sharon J. Mauhs, Robert J. Laffin, George Myers, Sol Rubenstein* and *Russell G. Hunt* for respondent.

*Nathaniel L. Goldstein, Attorney-General (John R. Davison* of counsel), for Secretary of State.

Order affirmed, without costs on the authority of *Matter of Crosbie* v. *Cohen* (281 N. Y. 329); *Matter of McElroy* v. *Cohen* (286 N. Y. 686) and *Matter of Hall* v. *Heffernan* (295 N. Y. 599). Application by Secretary of State to cancel and revoke by telegram his certification of the candidates, etc., granted. No opinion.

Concur: Loughran, Ch. J., Lewis, Conway and Dye, JJ. Desmond, Thacher and Fuld, JJ., dissent in following memorandum:

An independent body called the "Industrial Government Party" filed with the Secretary of State a petition under section 137 of the Election Law, designating a complete set of candidates for the State-wide offices to be voted on this year. The courts below have held those petitions invalid and ordered the names of the candidates stricken from the ballots. It is not disputed that the petitions contain the signatures of more than 12,000 voters, of whom at least fifty reside in each county of the State (those being the requirements of section 137, subdivision 4 for "independent nominations"). The petitions have been ruled out because of certain alleged omissions in the affidavits signed by the witnesses who authenticated the voters' signatures in some of the counties. The first of these alleged defects consists of the failure of the authenticating witness, in the petitions signed by voters in sixteen counties, to state in what assembly districts and election districts the witnesses resided in the year when they last registered which in each instance was 1944. Each of these authenticating witnesses (in the sixteen counties in question) stated in his or her affidavit the year of his or her last registration and the full residence address from which he or she registered at that time. Each of those witnesses then stated in his or her authenticating affidavit the election district and assembly district in which that residence now is. Those statements in those affidavits comply literally and exactly with the requirements found in section 135 for the second and third sentences of an authenticating witness' affidavit.

The only other defect found in this whole batch of petitions is this: the authenticating witness on the Sullivan County petitions (Sullivan not being one of the sixteen counties referred to in the preceding paragraph) correctly stated his present residence and his residence when he last registered but erred in giving the number of the election district from which he last registered, giving it as "3" instead of "5". No one was, or could well have been, led astray by that small error, since the witness correctly stated the village, town and county in which he now resides and the village, town and county in which he registered in 1944. This court has in previous decisions

invalidated petitions for somewhat similar errors but, in our view, to throw out these State-wide petitions and strike these candidates from the ballot because of this small mistake by one witness in one county is to impose too drastic a penalty. There must be some point where the necessity of enforcing the numerous strict requirements of this statute is of less compelling force than the resulting deprivation of the right to nominate and vote for the candidates of one's choice.

The order should be reversed, the proceeding dismissed and the Secretary of State directed to take the necessary steps to see that the names of these candidates are on the ballot.