In the Matter of JAMES F. DILLON, Petitioner, against RUTH ROBERTS et al., Respondents.

In the Matter of D-CADY HERRICK, 2D, Petitioner, against KOSTAS DAKCHOYLOUS et al., Respondents.

Supreme Court, Special Term, Albany County, October 4, 1948.

*Robert E. Whalen* for petitioners.

*Walter L. Collins, County Attorney (James J. Drislane* of counsel), for Albany County Board of Elections, respondent.

*Ernest B. Morris* for Edward G. Dillon and another, as members of the Albany County Board of Elections, respondents.

*Morris Zuckman* for other respondents.

BERGAN, J. A candidate for public office has a justiciable interest in the regularity of the public proceedings antecedent to the election as well as in the election itself. By appropriate proceedings he may see to it that the processes prescribed by law for the election are carried out conformably with the statutory direction. This would include the important right to require that candidates who are nominated against him, by whatever means, are placed upon the official ballots according to law.

His rights are so closely related to the subject matter that if subdivision 2 of section 330 of the Election Law did not

afford a summary remedy he would have available to him as a party whose rights are affected the procedural avenues to review and compel official action afforded by article 78 of the Civil Practice Act.

Indeed, the form of remedy, under modern practice, is of little importance since, if facts stating ground for relief are pleaded, the court must grant the appropriate remedy, whatever the proceeding may be called in name. The petitioner " shall demand the relief " to which he " supposes himself entitled " (Civ. Prac. Act, § 1288); but the court shall grant " the relief to which it deems he is entitled " (Civ. Prac. Act, § 1300).

The right to compel election officials to perform their duties is very broadly based and in some aspects is available to the private citizen showing no special interest in the subject. (*People ex rel. Daley* v. *Rice,* 129 N. Y. 449, 454). But I think the relief sought falls within the language and intent of subdivision 2 of section 330 of the Election Law. The proceeding is expressly available to " any candidate " aggrieved or to the chairman of " any committee " within the general definition of the statute. It is not the nomination of any candidate of the same party that is made the subject of the subdivision; it is the nomination of " any candidate ".

And throughout the whole statute the word " candidate " is used both in the sense of a candidate for party nomination and in the sense of candidate for public office. In the latter sense there could be no " aggrieved candidate " in respect of the nomination of another " candidate " unless he were of a different party or designated by an independent nomination.

It is thus apparent that the relief afforded is not limited to the intramural affairs of a political party, but extends to the candidate of another party whose interests may be adversely affected by a nomination not made according to law. (*Matter of Young* [*Dobbs*], 296 N. Y. 680; *Matter of Young* [*Cheney*], 296 N. Y. 682; *Matter of Young* [*Orange*], 296 N. Y. 684.)

To the extent that *Matter of Iserman* v. *Cohen* (149 Misc. 322) is inconsistent, it has been overruled; but even as authority it seemed to go no further than to prevent interference in a truly internal affair of a political party. Whether a political opponent has been nominated and appears upon the official ballot lawfully is a subject in which a candidate has a substantial legal interest. The special appearance of the respondents not appearing generally is overruled.

The merits require a consideration of where the power lies in a political party to fill a vacancy in a nomination made at a primary election. There is, of course, a well-recognized difference in the scheme of the statute between the designation of a candidate for nomination at a primary election or the nomination of a candidate by independent nomination, both of which are effected by petition which may name a committee to fill vacancies, and a nomination made at a primary election.

A vacancy in a designation (a term used in connection with the placing of a name on a primary ballot of a party) may be filled by a majority of the committee to fill vacancies set forth in the petition, or by such other committee as the rules of the party may provide (Election Law, § 139, 2d par.).

But this power relates solely to a vacancy in a designation occurring before the primary. After the primary election has been held the committee named in the designating petition has no function and is without authority.

The statute is explicit on the point that a vacancy in a nomination that has been made at a fall primary shall be filled by a majority of the " members " of the county committee of the party " last elected " in the political subdivision in which the vacancy occurs (§ 139, 3d par.).

This means that in an assembly district, or in a congressional or senatorial district, or in a city or town, as the case may be, the majority of the party committeemen last elected in the subdivision have the authority to fill the vacancy. The rules of a political party may vest this power in some other committee, but the applicable rules of the American Labor Party are a substantial restatement of the statute itself.

Therefore, the only committee that was authorized to fill the vacancies that occurred in the party nominations for assemblymen after the primary was a majority of the county committeemen last elected in the assembly district, and by party rule, the State committeemen therein. The attempt by the committees named in the designating petitions to fill the vacancies in the nominations made at the primary was without effect, either under the statute or the rules of the party.

The fact that the board of elections sent notice of the vacancy to those committees had no significance. It is not unreasonable to suppose that, the attention of party members having been officially called to the vacancies, the party's own rules should be read to learn what committee had authority to fill them. The court has no jurisdiction to direct that the board of elections

now send notice to the members of the county committee within the respective districts, or power to make a further direction to such committees to act long after the time for filling vacancies has passed.

Since the nominations attempted to be made are invalid, they are set aside and the relief asked in the petition is granted, without costs. Submit order.

The papers used on the application may be obtained at this office.