Frederick Backer, J.
In this proceeding to invalidate, the respondents appear specially asserting the court has no jurisdiction. It appears that the order to show cause instituting this proceeding provided that service upon the committee on vacancies could be effected by service upon one member thereof, to wit, Carmine Gr. DeSapio. Pursuant to the said order to show cause service was made on that member of the committee on vacancies alone.
It is now urged by the respondents that this service was inadequate in that all the members of the committee on vacancies are necessary parties and that service on one is not service on all. There is no question that the committee on vacancies are necessary parties. (Matter of Cross v. Cohen, 183 Misc. 611.)
The question before me, then, is whether we can proceed in this proceeding in the absence of the other members of the committee on vacancies, concededly necessary parties.
It has been generally held that an action or special proceeding cannot be dismissed in the first instance because of a defect of parties and that the court can order such parties to be added. However, in the instant case the time within which parties can be served or added is specifically provided for in the Election Law, the last date for this proceeding being July 22. To add a necessary party at this juncture would defeat the purpose and the effect of the Election Law and extend the Statute of Limitations pertaining thereto.
The mere fact that the order to show cause provided for a certain manner of service cannot make such service proper if otherwise illegal or insufficient as a matter of law. In the Matter of Tombini (177 Misc. 148, affd. 262 App. Div. 956) the order to show cause provided that service be made by mail on the last day. In accordance with the said order' service was indeed made on the last day of depositing the papers in the post-office box. Mr. Justice Wakter held such service to be improper, and he was unanimously affirmed by the Appellate Division, First Department.
It may be pointed out that one member of a committee on vacancies cannot bind the committee as a whole. The committee is not a union, not a partnership or incorporated association. *346 The committee on vacancies as provided by the Election Law is a unique body comparable to no other legal entity.
The Election Law does not provide that one member of such committee can bind, obligate or act for the entire committee.
Accordingly, the special appearance is upheld and the petition is dismissed.