Bernard S. Meyer, J.
Petitioner is an enrolled member of the Democratic party and has been designated on a Democratic petition filed with the Election Board as a candidate for the office of Councilman of the City of Long Beach. By this proceeding under section 330 of the Election Law he seeks to invalidate a petition filed by certain enrolled members of the Liberal party under section 148 of the Election Law for opportunity to ballot in the primary election.
Respondents, who were designated in the petition as a committee upon whom notices may be served, appear specially, arguing that since service was made on only one member of the committee, the court has no jurisdiction notwithstanding that the order to show cause herein specifically provided for service *327 in that manner. For this proposition they cited Matter of Lawler v. Power (13 Misc 2d 344). Matter of Gorski v. Griffin (11 A D 2d 637 [2]) is to the contrary, but even if Matter of Lawler be accepted it is distinguishable. That decision held that all members of the committee on vacancies named on a party designating petition must be served in a proceeding to invalidate the petition. A committee on vacancies performs discretionary acts which, since the Election Law does not otherwise provide, must be performed jointly. The committee named in a “ write-in ’ ’ petition, however, has only a ministerial function. Its purpose is merely to receive service of notices.
Respondents further argue that petitioner is not a party aggrieved within the meaning of subdivision 1 of section 330 of the Election Law. For this proposition they cite Matter of Goldstein v. Meisser (11 A D 2d 687), which, however, is clearly inapplicable since an examination of the briefs in that matter shows that petitioner Goldstein was neither a candidate nor a person who had filed objections to the petition. Petitioner herein is a candidate. They rely also on Matter of Dimentstein (50 N. Y. S. 2d 448, affd. 255 App. Div. 722); Matter of Iserman v. Cohen (149 Misc. 322, affd. 240 App. Div. 864) and Matter of Lanni v. Grimes (173 Misc. 614) to sustain their argument that petitioner cannot be aggrieved with respect to a Liberal party petition because he is a Democrat and cannot object to that portion of the petition which relates to the office of Supervisor because he is a candidate for Councilman. The Dimentstein case constituted the Appellate Division’s authority for such a holding in Matter of Gaberman v. Cohen (268 App. Div. 833). While the Court of Appeals affirmed that decision (293 N. Y. 771) it “ decided that the petitioner therein had a standing to maintain the proceeding, contrary to the majority view ” of the Appellate Division (Matter of Berman v. Heffernan, 269 App. Div. 952, affd. 295 N. Y. 593). Not only has Dimentstein thus been overruled but, as Mr. Justice Bebgait observed in Matter of Dillon v. Roberts (193 Misc. 6, mod. and affd. 274 App. Div. 911); Matter of Iserman v. Cohen (supra) was overruled by three decisions of the Court of Appeals (Matter of Young [Dobbs], 296 N. Y. 680; Matter of Young [Cheney], 296 N. Y. 682; Matter of Young [Orange], 296 N. Y. 684). Each of those cases involved a petitioner who was enrolled in a different party and was a candidate for a different office than the offices to which the petition under attack related. As was held, on the latter point, in Matter of Gorski v. Griffin (11 A D 2d 637 [3]) “ The joinder of both offices in a single petition opens it to attack by a rival candidate for either of the offices set forth in the designat *328 ing petition. Subdivision 1 of section 330 of the Election Law provides that a proceeding may be' instituted ‘ by any candidate aggrieved ’. It does not require that the proceedings be instituted by ‘ all ’ candidates aggrieved.” That there has been no change in these principles of law, see Matter of McGahan v. Power (135 N. Y. S. 2d 126, affd. 284 App. Div. 848, affd. 307 N. Y. 824) and the affirmance today by the Appellate Division (14 A D 2d 600) of that portion of Mr. Justice Pittoni’s decision in Matter of Fleishman v. Commissioners (N. Y. L. J., Aug. 30, 1961, p. 11, col. 3), holding petitioner therein an aggrieved party. Clearly, therefore, respondents’ special appearance cannot he sustained.
Turning, then to the merits of the application, the court holds insubstantial the objections that the petition does not correctly describe the political unit involved and that the subscribing witness has not correctly stated her address because in each instance, the words “ City of Long Beach” were followed by the words “ Town of Hempstead ” whereas Long Beach is not within the Town of Hempstead. The further argument, that the petition was not timely filed is, however, sustained to the extent that the petition seeks a “write-in” with respect to anything more than one position as Councilman. Subdivision 3-a of section 143 of the Election Law requires that a “ write-in ” petition be filed not later than the fourth Tuesday preceding the primary, except that “where a designating petition has been filed and the person named therein has declined such designation and another person has been designated to fill the vacancy, then and in that event, a petition for an opportunity to ballot in a primary election shall be filed not later than the third Tuesday preceding such primary election. ’ ’ Obviously, the reason for the additional time provided for is to allow the filing of a “ write-in ” petition against the person designated to fill the vacancy, a right which would be denied were the fourth Tuesday filing day strictly adhered to. The meaning and intent of the fourth Tuesday filing date would be subverted, however, were it held that a declination and designation filling the vacancy for one office extends the time to file a “ write-in ” petition with respect to all offices on the ballot.
A short-form order has, therefore, been signed declaring the “ write-in ” petition herein invalid except with respect to one position as Councilman of the City of Long Beach and directing the Board of Elections to permit “write-in” balloting in the City of Long Beach Liberal party primary election to that extent only.