Abraham J. Gellihoff, J.
On May 16, 1967 a petition containing 1,066 signatures was filed with the Board of Elections of the City of New York, designating respondent Joseph A. Macchia as the Republcian candidate for the public office of Judge of the Civil Court of the City of New York, 9th Municipal Court District, Borough of Manhattan, to be voted on at the Republican primary election scheduled to be held on June 20,1967. Section 103 of the Election Law provides that ‘ ‘ Any petition filed with the board * * * shall be presumptively valid if it is in proper form and appears to bear the requisite number of signatures ”, authenticated as prescribed in the Election Law. This petition, therefore, is and remains presumptively valid.
May 19,1967 was the last day on which objections to the petition could be filed (Election Law, § 145). No objections were filed by anybody. May 23, 1967 was the last day for filing by enrolled members of the Republican party of a petition “ requesting an opportunity to write in the name of a candidate or candidates ” for nomination “ for such office ” (Election Law, § 143, subd. 3-a; Election Law, § 148). No such petition was filed. Consequently, on and after May 24, 1967, the office of Judge of the Civil Court of the City of New York, 9th Municipal Court District, became an “ uneontested office ” in the primary election of the Republican party (Election Law, § 2, subd. 3-a). Section 149 of the Election Law provides that “ All persons designated for uneontested offices * * * at a primary election shall be deemed * *■ * nominated * * # without balloting. ’ ’ Thus respondent Macchia is the duly nominated candidate unless this court invalidates that nomination.
Petitioner is the duly nominated candidate of the Democratic party for" the same office. He is the Democratic candidate because, as is the case with respondent, petitioner’s designation, too, was unchallenged by the filing either of objections or a petition for an opportunity to write in the name of another candidate. Petitioner, as such duly nominated candidate, by petition *122 dated May- 25, 1967, commenced this proceeding on May 29, 1967, pursuant to section 330 of the Election Law, requesting that the petition designating respondent be invalidated and declared null and void, and restraining the Board of Elections from printing and placing respondent’s name on the primary election ballot.
The preliminary objection urged by respondent to the instant proceeding is that petitioner is not a ‘ ‘ candidate aggrieved ’ ’ within the meaning of section 330 of the Election Law. This court is bound by what appears to be the ruling on the subject by the Court of Appeals (cf. Matter of Fleishman v. Board of Elections, 31 Misc 2d 326; Matter of Fleishman v. Commissioners of Bd. of Elections, N. Y. L. J., Aug. 30, 1961, p. 11, col. 3, revd. 14 A D 2d 600, affd. 10 N Y 2d 804). Accordingly, this court holds that petitioner is a candidate aggrieved and entitled to bring this proceeding.
The undisputed fact is that the petition designating respondent contains only 389 valid signatures, whereas 750 valid signatures are required. Therefore, the presumption that the designating petition is valid (Election Law, § 103) is destroyed and the petition must be declared invalid. It necessarily follows that the respondent, who is “deemed” nominated (Election Law, § 149) is no longer a nominee, and the Republican party — after having had a nominee by operation of law (viz., Election Law, § 2, subd. 3-a; § 149) — now finds itself without a candidate for the general election.
Section 330 of the Election Law specifically empowers this court to determine any question of law or fact arising out of “ the holding of an otherwise uncontested primary election under section one hundred forty-eight” (Election Law, § 330, subd. 1; emphasis supplied). With the invalidation of the designating petition herein, the office, so far as the primary is concerned, becomes an “uncontested office ”, and the primary election becomes an “ uncontested primary” (Election Law, § 2, subd. 3-a). In such circumstances the court is mandated to 1 ‘ make such order as justice may require ’ ’.
There is no evidence that respondent — who is now an incumbent Judge — is himself in any way at fault. There is no evidence that the members of the committee on vacancies on respondent’s petition are in any way at fault. The essential purpose of the Election Law was to insure an “ equal chance and opportunity for every one to express his choice at the polls ” (Lauer v. Board of Elections of City of N. Y., 262 N. Y. 416, 419). Under all the circumstances of this particular case justice requires (1) that the enrolled Republican voters be given an *123 opportunity to express their choice as to who their candidate should be; (2) that respondent, who, but for the action of this court, has already been nominated, should be afforded an opportunity to have his name submitted to the enrolled voters for nomination; (3) that petitioner himself be afforded an opportunity of having his own name submitted as a choice of the Republican voters — to which petitioner has a right even though he is not an enrolled Republican inasmuch as the office involved is a judicial office (Election Law, § 137, subd. 5); and (4) that the Republican party, none of whose enrolled voters have raised objection to the designation and to the nomination which resulted by operation of law [supra), be afforded an opportunity to present a nominated Republican candidate for consideration by the voters at the general election.
Accordingly, the petition designating respondent is hereby invalidated and declared null and void; the office is adjudged to be an “ uncontested office ” without a duly nominated Republican candidate; the Board of Elections is directed to submit to the enrolled Republican voters an opportunity to write in the name of a Republican candidate for nomination for the office involved; and the board is directed to proceed by separate paper ballots as provided for by section 108 of the Election Law, insofar as practicable and adaptable. The court reserves jurisdiction to implement this order by such further directions as the Board of Elections may require.