Jasen, J.
(concurring). I concur for affirmance, but not for the reason espoused by the court. Within the intendment of section 330 of the Election Law, the petitioner, the candidate of another political party for the same office as respondent, is a “ candidate aggrieved ” and, hence, has the requisite standing to maintain this proceeding.
Until today, it was clear beyond cavil that the candidate of one party may institute a proceeding to invalidate the designation or nomination of another party’s candidate for the same public office. (Matter of Langley v. Erway, 30 A D 2d 711, affd. 22 N Y 2d 781; Matter of Hunting v. Power, 54 Misc 2d 120, affd. 28 A D 2d 826, affd. 20 N Y 2d 680; Matter of McGraw v. Power, 284 App. Div. 847, 848, affd. 307 N. Y. 824; Matter of Dillon v. Roberts, 193 Misc. 6, affd. 274 App. Div. 911; see, also, 2 Gassman, Election Law, § 124, pp. 810-820.) The ratio *721 nale most often articulated by the courts is that the candidate of another political party has a substantial interest in the question of whether a political opponent has been properly designated or nominated. This is but another way of saying that a political opponent has the requisite stake in the outcome to insure a true adversarial, a full and a fair, exposition of the legal issues involved. (Cf. Matter of Taylor v. Sise, 33 N Y 2d 357, 368-369 [Jasen, J., dissenting].) Moreover, the Legislature has not seen fit to draw more narrowly the definition of “ candidate aggrieved ” under section 330 of the Election Law, thereby tacitly approving the interpretation placed thereon by the courts for these many years. In sum, I cannot concur in the court’s resort to the artificial doctrine of standing which consigns to limbo, unacknowledged and undecided, a substantive issue of great importance affecting the right to be designated by one’s party for public office.
On the merits, I would uphold respondent’s designation as valid. "When the respondent changed his residence from Kings County to Nassau County on June 15, 1974, his enrollment as a Democrat in Kings County, though subject to cancellation for nonresidence, was not canceled. (Election Law, § 332; Matter of Sullivan v. Power, 24 A D 2d 709, affd. 16 N Y 2d 854.) On July 18,1974, the committee on vacancies filed with the Nassau County Board of Elections the certificate designating him as the designee of the Democratic Party in the primary election for the office of United States Representative, Fifth Congressional District. And on July 25, 1974, after the designation certificates had been filed, respondent registered to vote and enrolled as a Democrat* in Nassau County.
Pursuant to the delayed enrollment provision of section 186 and subdivision 6 of section 187 of the Election Law, recently upheld by this court against an equal protection challenge (Neale v. Hayduk, 35 N Y 2d 182), respondent was precluded from voting in the September, 1974 primary election. However, no reason in logic or policy is apparent for a holding that respondent’s enrollment as a Democrat in Kings County lapsed for purposes of party designation as well. As noted by the court in Neale, the delay in giving effect to a change in enrollment *722 or re-enrollment following an inter-county change of residence may serve the salutary purpose of preserving the purity of the party’s primary. However, the applicable statutes do not look backwards and there is no specific provision of the Election Law suspending past enrollment or providing for its immediate cancellation in these circumstances. Hence, at least for purposes of party designation, respondent’s enrollment as a Democrat in Kangs County should be deemed valid and subsisting when on July 18, 1974, the designation certificate herein was filed with the Nassau County Board of Elections.
To hold otherwise, it seems to me, defies all reason. Considering that to serve in this office respondent need not even reside in Nassau County (U S. Const., art. I, § 2), it would, indeed, be a strange outcome if by reason of moving there, he lost his status as an enrolled Democrat and, consequently, his right to party designation. Then, too, the party seeks out a member to accept its designation. The member does not foist himself upon the party. What logic can there be in this context for denying effect to one’s previous enrollment? Neale v. Hayduk (supra) is not to the contrary. Certainly, the concerns there voiced in justification of the county-line limitation on special enrollment — to thwart inter-county, intra-party “ raiding ”, “ administrative inconvenience ” and “ familiarity with local issues ” — are significant, if at all, only in a voting context. They are wholly inapposite for purposes of party designation.
Accordingly, I would affirm.
Chief Judge Bbeitel and Judges G-abbielli, Jones, Waohtlbb and Babin concur; Judge Jasen concurring in result in a separate opinion; Judge Stevens taking no part.
Order affirmed, without costs, in a memorandum.

 This was established by testimony and documentary evidence in a hearing before Special Term.