OPINION OF THE COURT
Charles A. Kuffner, J.
This is a proceeding commenced by two objectors (index No. *437 SP8470/86) to the candidacy of Karina Costantino, who seek an order voiding the nominating petition and removing her name as the Clean Air Party candidate from the ballot to be voted at the general election scheduled on November 4, 1986. The office affected at this general election is that of Assembly Member from the 58th Assembly District.
The Board of Elections has invalidated the petition of Karina Costantino and she seeks a judicial declaration overturning the Board’s determination and validating her petition. (Index No. SP8476/86).
At a hearing held at the Board of Elections on September 29, 1986, petitioner Costantino raised, for the first time, the issue of the qualifications of the objectors Mildred I. Porretta and Sally A. Lorentzen. Evidence was adduced that these persons are enrolled Democrats. In particular, Sally Lorentzen signed a petition in support of the nomination of Elizabeth A. Connelly as the Democratic candidate for Assembly Member in the 58th Assembly District. Mildred I. Porretta was a witness for an identical petition.
Petitioner Costantino relies heavily on the case of Matter of Dimentstein (184 Misc 126, affd 255 App Div 722) in support of her position that Porretta and Lorentzen are disqualified as objectors because they are not "aggrieved” persons. Petitioner also relies on certain rules promulgated by the Board of Elections concerning 1986 independent petitions. Those rules state: "A written general objection to a nominating petition by an aggrieved person must be filed in person only at the Board’s general offices, 131 Varick St., 10th fl., N.Y.C.” (emphasis by petitioner).
The Dimentstein case (supra) has been effectively overruled by the Court of Appeals in Matter of Berman v Heffernan (295 NY 593) and Matter of Fleishman (31 Misc 2d 326, 327). In Berman, the objector was not a candidate for the same office as the candidate objected to, was not an enrolled member of the same party, was an enrolled member of another party and did not sign any independent nominating petition for any office to be voted for at the general election. The Court of Appeals held that such a person had the right to file objections under Election Law former § 142 (now § 6-154 [2]) and to institute judicial proceedings.
The logic of this result is apparent when one considers that the substance of Election Law former § 142, as it existed at the time of the Dimentstein decision (supra), has been *438 amended on December 1, 1978 to permit written objections to be filed by any voter registered to vote for the public office for which nominating or designating petitions were submitted to the Board of Elections. The old section 142 permitted the filing of objections to any petitions within certain periods, but it did not define or describe who may file such objections. The court in Dimentstein recognized this problem, and implied a requirement that the objector be "aggrieved”, i.e., have an interest in the subject matter. (Matter of Dimentstein, supra, pp 127-129.)
The Legislature, perhaps recognizing the same problem which confronted the court in the Dimentstein dispute, took the affirmative step to eliminate it when it amended section 6-154 (2). The problem of statutory construction faced by the court in Dimentstein no longer exists, for the Legislature has effectuated an intention to define an aggrieved person with more precision and accuracy. The objector petitioners, being voters registered to vote for the public office in question at the general election (i.e., member of the Assembly in the 58th District), are now defined as eligible to file written objections, and nothing in the statute indicates an intent to disqualify them as such merely by their activities in the Democratic Party.
Such a result is rational under all the circumstances. A voter enrolled in the Democratic Party, for example, would have no interest or concern in the nomination of a candidate of the Republican, Conservative or Liberal Party for public office. The issue of who will represent that party in the general election is purely an internal party matter, to be decided by its enrolled members at a primary or nominating convention. (See generally, Matter of Menendez, 83 AD2d 893 [2d Dept].) Unlike many States, New York voters may vote only in the primary of the party in which they are enrolled.
By contrast, where the issue is one concerning who will appear on the ballot in the general election, all voters have an interest in such nominating or designating petitions. Since all registered voters in the 58th Assembly District are eligible to vote in the general election for that office, regardless of party affiliation, they are "aggrieved persons” by virtue of section 6-154 (2). Here, we are concerned with an independent nominating petition for a place on the ballot in the general election for an Assembly seat. Thus, we are not concerned with a party dispute; in fact, if petitioner Costantino’s position were carried to its ultimate conclusion, there would be no eligible persons *439 who could file objections because there are no voters enrolled as members of the Clean Air Party. In the eyes of the Election Law, it is but an "independent body” (Election Law § 6-138 [3]) eligible to become a party if it garners 50,000 votes for a gubernatorial candidate (Election Law § 1-104 [3]; § 6-128 [1]).
For these reasons, the court concludes that the Dimentstein case (supra), relied on by petitioner Costantino, is no longer persuasive on this point of law.
As previously stated, petitioner relies on certain rules promulgated by the Board of Elections. Further, petitioner urges that section 6-154 (2) specifically empowers the Board of Elections to make rules regarding the qualifications of objectors. The last sentence of that section reads: "Each such officer or board [of Elections] is hereby empowered to make rules in reference to the filing and disposition of such * * * objections and specifications.”
While the Legislature may constitutionally grant an administrative agency the authority to promulgate administrative rules (see, 2 NY Jur 2d, Administrative Law, §45), it cannot grant to any administrative body the power to make substantive rules, unlimited and unrestricted by statutory qualification. The power which may be granted is not the power to legislate but the power to administer the law as enacted by the Legislature (Matter of Meit v P.S. & M. Catering Corp., 285 App Div 506, 510).
The rationale is well stated at 2 NY Jur 2d, Administrative Law, § 49: "statutes set the public policy, and administrative officers may only apply the policy declared in the statutes. They may not set different standards or change the policy. It does not lie within the power of the administrative agency to nullify the legislative intent and to engraft upon the statute, under the guise of a regulation, a policy which was neither expressed nor intended.”
It is a fundamental principle of law that administrative regulations which create a rule out of harmony with the enabling statute are a nullity (Matter of Harbolic v Berger, 43 NY2d 102, 109; State Div. of Human Rights [Valdemarsen] v Genesee Hosp., 50 NY2d 113; see also, Manhattan Co. v Commissioner, 297 US 129, 134; Miller v United States, 294 US 435, 440; Whitemarsh v Farnell, 273 App Div 584, revd on other grounds 298 NY 336).
Applying these principles to the situation at bar, it is apparent to this court that the Board of Elections has at *440 tempted to define a person entitled to file objections more restrictively than section 6-154 (2) does. The movant’s emphasis on the literal interpretation of the rules over the clear definition of the statute would require an objector to be a duly registered voter and be "aggrieved”. The Legislature clearly permitted a much lesser standard for objectors. To the extent that the regulation attempts to create more restrictive qualifications on a person eligible to file objections, it is invalid. (Brown v University of State of N. Y., 242 App Div 85, affd 266 NY 598; see generally, 2 NY Jur 2d, Administrative Law, § 102.) In the view of the court, the last sentence of section 6-154 (2) permits the Board to make reasonable regulations concerning the time and place of filing of objections, and the form of such objections, and the like; however, it cannot be construed as a grant of power to constrict the class of persons permitted to file these objections.
At best, the regulation requiring written objections "by an aggrieved person” can only be construed to mean "an aggrieved person as defined by statute”, i.e., Election Law §6-154 (2). The fact that the regulation does not attempt to define "aggrieved person” with any more particularity is indicative of the Board’s acquiescence in the statutory definition. Stated another way, if the Board of Elections wanted to place more restrictive requirements on persons filing objections, it would have defined "aggrieved person” with greater precision.
The court can only surmise that this regulation is an anachronism. It was likely written at a time when the Election Law provided for the filing of written objections, but failed to set forth by whom they may be filed. This required judicial interpretation, and Election Law former § 330 (now § 16-102) was looked to as an aid in finding statutory intent. With the enactment of section 6-154 (2), such interpretation is no longer necessary, and the Board of Elections should look to reevaluate its use of this term as it remains a vestige of days gone by.
Accordingly, the motion to disqualify petitioners Porretta and Lorentzen on the ground that they have no standing as objectors is denied.
A line-by-line examination of the petitions in question shall proceed at the offices of the Board of Elections for the Borough of Staten Island on October 6, 1986 at 9:30 a.m. The Honorable Royal S. Radin, Judicial Hearing Officer, shall preside at such examination pursuant to the authority conferred upon him by the Administrative Judge at the request of this court.
*441 The Board of Elections shall provide adequate facilities and personnel for these proceedings and make available all necessary records for examination.