OPINION OF THE COURT
Anthony Kane, J.
In this CPLR article 78 proceeding, petitioner Myrtho Ceran, M.D. (Dr. Ceran) seeks a judgment of this court reversing, annulling and setting aside the determination of respondent the *62 New York State Department of Education (SED) not to further renew petitioner’s limited permit to practice medicine.
Respondent, through the Office of Eliot Spitzer, Attorney General of the State of New York, Jeffrey P. Mans, Assistant Attorney General, of counsel, has filed a verified answer seeking to dismiss the petition for failure to state a cause of action.
Background
The undisputed facts are as follows: petitioner is a medical doctor from Haiti who has been a legal resident in the United States since 1985. Dr. Ceran has practiced psychiatry in New York for 48 months; 24 months under an initial limited permit (the permit) and 24 additional months under a renewal limited permit, both of which were issued by respondent. The permit expired on April 14, 2000.
Prior to the expiration of his permit and thereafter by letter dated September 28, 2000, petitioner was advised by respondent that his permit could not be extended in the aggregate beyond the maximum 48-month period. On or about May 3, 2001, petitioner applied for a second renewal of a limited permit to practice medicine. By letter dated June 5, 2001, respondent referred petitioner to its prior letter and again advised him that he had no further practice time to consider. As a basis for its determination, respondent contends that the application and permit specifically advised petitioner that pursuant to Education Law § 6525 and 8 NYCRR 60.6 of the SED Commissioner’s regulations, the limited permit may be renewed at the discretion of the Department, “provided that such permit shall not be renewed for more than 24 months” and that “no renewal may exceed two years in the aggregate.”
Procedural History
Petitioner thereafter commenced the instant proceeding alleging that respondent’s determination was erroneous as a matter of law and that, as a result, petitioner is excluded from the practice of medicine. Specifically, petitioner contends that section 6525 of the Education Law places no restrictions on the number of times a limited permit may be renewed and thus conflicts with section 60.6 of the Commissioner’s regulations. Accordingly, petitioner argues that Education Law § 6525 takes precedence over 8 NYCRR 60.6 and that, as a result, the latter regulation is “null, void, and of no effect.”
By notice of motion dated October 22, 2001, respondent moved to dismiss the proceeding on the grounds that petitioner’s claims were barred by the four-month statute of limita *63 tions prescribed by CPLR 217 for article 78 proceedings. By decision and order dated November 13, 2001, this court denied respondent’s motion to dismiss finding that petitioner had timely commenced the proceeding. The court directed respondent to file an answer within 20 days of receipt of notice of entry of said decision and order.
Discussion
Education Law § 6525, governing limited permits, states, inter alia, that
“[p]ermits limited as to eligibility, practice and duration, shall be issued by the department to eligible applicants, as follows: * * *
“3. Duration. A limited permit shall be valid for two years. It may be renewed biennially at the discretion of the department.”
8 NYCRR 60.6 provides as follows:
“For renewal of a limited permit in medicine the department may accept satisfactory evidence of personal or family illness or extenuating circumstances preventing the candidate from taking the licensing examination, or satisfactory performance on a significant part of the New York State licensing examination in medicine, provided that such permit shall not be renewed for more than 24 months.”
It is undisputed that until approximately 1983, the Department of Education would renew limited permits for physicians more than once. However, according to respondent, by the late 1970s and early 1980s, it became apparent that some physicians were spending entire careers on limited permits and thus a decision was made to eliminate the indefinite renewals (Monahan affidavit, para 3). Accordingly, respondent argues that consistent with the statutory language contained in Education Law § 6525 that the Department may renew the subject permits biennially at its discretion, the Department adopted the regulations at 8 NYCRR 60.6 which provides that such permit may be renewed for one additional two-year period and may not be renewed thereafter.
It is well established that “[t]he Commissioner has the power to interpret statutes and provide guidelines with regard to the construction (see, Education Law § 305 [1], [2]). Notably, ‘[i]t is a cardinal principle of construction that, [i]n case of doubt, or ambiguity, in the law it is a well-known rule that the practical construction that has been given to a law by those charged *64 with the duty of enforcing it * * * takes on almost the force of judicial interpretation’. As such, upon review, the court’s function is limited because ‘[i]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld’. Thus, the standard of review ‘is whether [the Commissioner’s] determination “was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” ’ ” (Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills, 250 AD2d 122, 125-126 [3d Dept 1998] [citations omitted]; see also, Kuppersmith v Dowling, 93 NY2d 90 [1999]).
Petitioner’s attack lies in his assertion that respondent’s regulation is inconsistent with the governing statute in that it limits the number of renewals to one and is thus a nullity (see, Matter of Porretta v Costantino, 133 Misc 2d 436, 437 [Sup Ct, Richmond County 1986]). However, as respondent properly argues, Education Law § 6525 does not require any extension beyond the initial two-year period; significantly, the decision to grant any such renewal is left to the discretion of the Department. Here, respondent refers this court to Matter of Marburg v Cole (286 NY 202 [1941]) in which the Court of Appeals stated, in relevant part, that the “Board of Regents is the ‘statutory guardian of the [Educational] policies of the State * * * ’. In order to protect the health and provide for the welfare of the citizens of the State, the Legislature in the exercise of the police power of the State, has enacted laws requiring a certain standard of learning and training of those who undertake to preserve or repair the human body. Thus until he has been licensed by the proper authorities, no person has an absolute, unqualified or vested right to practice medicine or surgery * * * ” (id. at 206 [citation omitted]).
The requirements for full licensure include the requisite medical school education, participation in a residency training program (one year for graduates of domestic medical schools and three years for graduates of foreign medical schools) and passing the examination. Respondent argues that its decision to limit the total amount of time in which one could practice on a limited permit was based on the fact that it did not want to subject the citizens of New York to physicians who cannot meet national minimum requirements for licensure in medicine. Respondent contends that at the time the subject regulation was implemented, the majority of physicians on limited permits had fulfilled the education and clinical experience require *65 ments but had not passed the examination. Respondent concluded that four years is a sufficient amount of time within which to allow a permittee to qualify for a permanent license to practice medicine. This is particularly true given the fact that the exam parts are now available four times a year which provides the limited permittee eight opportunities to pass the examination during the renewal period.
The court finds that respondent’s underlying policy with respect to the renewal of limited permits, that is, to ensure that the physicians practicing in New York were competent, licensed physicians, is neither irrational nor unreasonable. The court also finds that respondent has been vested, pursuant to the delegated authority under Education Law § 6525, to exercise its authority with respect to the renewal of limited permits. Succinctly stated, respondent’s determination that an individual who has failed or has otherwise not passed the national medical licensing examination in four years is unqualified to practice medicine under a limited permit is not unreasonable nor irrational. To find otherwise would result in numbers of individuals, who have not proven their competency as physicians, practicing medicine within the state, placing the public health, safety and welfare of the public in jeopardy. Furthermore, to adopt petitioner’s argument that respondent should make its decision on whether to renew limited permits on a case-by-case basis would result in an arbitrary and capricious system in which no specific standard or criteria for renewal would be created.
Viewed from this perspective, there can be no question that the regulation challenged herein is valid and that neither the statute nor the regulation should be struck.
Accordingly, the petition is dismissed for failure to state a cause of action.