*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 21, 2014                    519493
_____

In the Matter of SAM SLOAN, as
    Candidate for Governor of
    the State of New York,
    et al.,
                    Appellants,

            v                                    MEMORANDUM AND ORDER

DOUGLAS A. KELLNER et al., as
    Commissioners Constituting
    the New York State Board of
    Elections, et al.,
                    Respondents,
                    et al.,
                    Respondent.
_____

Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                    _____


        Neil Grimaldi, New York City, for appellants.

        Kathleen O'Keefe, New York State Board of Elections,
Albany, for Douglas A. Kellner and others, respondents.

                    _____


Per Curiam.

        Appeal from an order and judgment of the Supreme Court
(Ceresia, J.), entered August 15, 2014 in Albany County, which
dismissed petitioners' application, in a proceeding pursuant to
Election Law § 16–102, to declare valid the designating petition
naming petitioners Sam Sloan, Nenad Bach and Geeta Rankoth as
Democratic Party candidates for certain statewide public offices
in the September 9, 2014 primary election.

Petitioners, Sam Sloan, Nenad Bach and Geeta Rankoth, filed a designating petition nominating them as Democratic Party candidates for the respective public offices of Governor, Lieutenant Governor and Comptroller of the State of New York. The designating petition further nominates a nonparty, Neil V. Grimaldi, as Democratic Party candidate for the public office of Attorney General of the State of New York.[1]  Objections were filed with regard to the candidacy of Rankoth and asserted, among other things, that the petition contained fewer than one third of the 15,000 signatures required for any of the four candidacies (see Election Law § 6-136 [1]).  The New York State Board of Elections agreed and invalidated the designating petition in its entirety.  Petitioners thereafter commenced this proceeding seeking a declaration that the State Board's composition is unconstitutional and an order directing that they be included on the primary ballot.  Supreme Court dismissed the petition, and petitioners appeal.

We affirm.  As Supreme Court properly found, the present proceeding is jurisdictionally defective due to the "failure to name and serve all those who filed objections to the designating petition" (Matter of Gadsen v Board of Elections of City of N.Y., 57 NY2d 751, 752 [1982]; see Matter of Biscone v Scaringe, 59 AD2d 794, 794 [1977], affd 42 NY2d 1075 [1977]).

Assuming without deciding that the above jurisdictional defect only applies to Rankoth — against whose candidacy objections were filed — petitioners also argue that the composition of the State Board does not give equal weight to each voter as required by the Equal Protection Clause of the 14th Amendment to the US Constitution (see Reynolds v Sims, 377 US 533, 560-561 [1964]).  They are incorrect, as the underlying principle of one vote per person does not apply to an appointive board, especially where it is charged with administrative duties (see Rosenthal v Board of Educ. of Cent. School Dist. No. 3 of Town of Hempstead, 497 F2d 726, 729 [2d Cir 1974]; see also Hadley v Junior College Dist. of Metropolitan Kansas City, 397 US

_____

[1]  Grimaldi's application to be added as a petitioner was denied by Supreme Court as untimely.

50, 54 [1970]; Sailors v Board of Educ. of County of Kent, 387 US 105, 111 [1967]; compare Board of Estimate of City of N.Y. v Morris, 489 US 688, 694-696 [1989]).  The State Board was thus properly constituted, and was free to hold that the designating petition, which lacked the necessary number of signatures to support any of petitioners' candidacies, was facially defective and invalid in its entirety (see Election Law § 6-154 [1]; Matter of Hunting v Power, 54 Misc 2d 120, 122 [1967], affd 28 AD2d 826 [1967], affd 20 NY2d 680 [1967]).

Petitioners' remaining arguments have been considered and found to lack merit.

McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court