Flores v Hodge (2025 NY Slip Op 25215)

[*1]

Flores v Hodge

2025 NY Slip Op 25215

Decided on September 29, 2025

Supreme Court, Nassau County

Knobel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 29, 2025
Supreme Court, Nassau County

Dorien P. Flores and KAITLYN DAGGER, Petitioners-Objectors,

against
James E. Hodge, Respondent-Candidate, and NASSAU COUNTY BOARD OF ELECTIONS, Respondent.

Index No. 620073/2025

Stephen Martir, Esq.
Counsel to Petitioners-Objectors
[email protected]
(516) 746-5599
James E. Hodge
Respondent-Candidate
Keith Corbett, Esq.
Counsel to Respondent Democratic Commissioner of Board of Elections
[email protected]
(516) 880-8492
John Ryan, Esq.
Counsel to Respondent Republican Commissioner of Board of Elections
[email protected]
(516) 328-1100
Matthew Rozea, Esq.
Nassau County Attorney's Office
[email protected]
516-571-3056
Michael Freeman, Esq.
Nassau County Attorney's Office
[email protected]
516-571-3056

Gary F. Knobel, J.

Papers Considered:
Petition (NYSCEF Doc. No. 1) 1
Petitioner's Exhibits A-G (NYSCEF Doc. No. 3-9) 2
Signed Order to Show Cause (NYSCEF Doc. No. 12) 3
September 25, 2025 Email from Counsel for Respondent 4
This special Election Law proceeding is not only a case of first impression in New York, but also, it seems, in the United States: can a missing person, who is a nominated candidate for public office and has not been declared legally deceased, be substituted on the certified electoral ballot after the completion of any primary election and before Election Day?
The missing person is Petros Krommidas, a candidate for the Nassau County Legislature representing the 4th Legislative District.[FN1]
According to news reports (see, e.g., New York Post online April 28, 2025, Brandon Cruz byline), Mr. Krommidas has been missing since April 23, 2025, and was last seen wearing a camouflage shirt and gray sweatpants in Baldwin; his car was found in Long Beach with his clothing inside. Mr. Krommidas' family reported that he enjoyed walking on the boardwalk in Long Beach, and that he was training for a triathlon and perhaps went swimming. An extensive search was conducted by the police and divers, to no avail.
Mr. Krommidas' name remained on the Democrat Party primary ballot for the 4th Legislative seat and he won the primary on June 24, 2025. Petros Krommidas is slated to be on the November 4, 2025 Election Day ballot for the 4th Legislative District. He has not been located, his body has not been found, and there has been no legal declaration of his death or a proceeding commenced to that effect (see Estates, Powers and Trust Law § 2-1.7[a]).[FN2]

The petitioners-objectors herein, registered voters in the 4th Legislative District in Nassau County, seek an order setting aside and deeming null and void the "Certificate of Substitution by Committee to Fill Vacancies After Declination, Death, or Disqualification" which was filed by the Democrat Party on September 11, 2025, with the Nassau County Board of Elections, and substituted James E. [*2]Hodge [FN3]
for Petros Krommidas as the candidate for the 4th Legislative District. Petitioners-objectors application is based upon three grounds: (1) that there is no vacancy, pursuant to the Election Law § 6-148, (2) that the certificate itself is facially defective, and (3) that only a party committee, not a committee on vacancies, can substitute a candidate after a primary has been held and a vacancy exists.
In opposition, during oral argument on September 25, 2025, counsel for the Democrat Commissioner of the Board of Elections [FN4]
maintained that Mr. Krommidas' family believes that he is dead, and floated the creative theory that the Board of Elections role in this context is to review the substitution certificate for facial sufficiency only.[FN5]
He argued that since the document states a statutory basis for substitution (i.e., death) there is no requirement for the Board of Elections to look into the underlying reason for the vacancy necessitating a substitution. In sum, counsel is asking this Court to ignore or rewrite the relevant Election Law, dddwhich is crystal clear on the subject of filling a vacancy for public office.
Election Law § 6-148[1] states that "[a] vacancy in designation or [*3]nomination caused by declination . . . death or disqualification of the candidate, or by a tie vote at a primary, may be filled by the making and filing of a certificate setting forth the fact and cause of the vacancy, the title of the office, the name of the original candidate, and the name and address of the candidate newly designated or nominated." (Election Law § 6-148[1] (emphasis added).
Election Law § 6-148(3) governs a vacancy in a nomination that has been made at a primary and the statute is explicit:
A vacancy in a nomination made at a primary . . . may be filled by a majority of the members, of the party committee or committees last elected in the political subdivision in which the vacancy occurs, present at a meeting at which there is a quorum present, or by a majority of such other committee as the rules of the party may provide; provided, however, that a vacancy in a joint nomination for the offices of governor and lieutenant governor made at a primary election, or a vacancy in joint designation or joint nomination for such offices caused by declination, death, or disqualification and not filled by the committee to fill vacancies, shall be filed by the appropriate committee or committees pursuant to this subdivision and party rules. A single certificate shall be filed pursuant to the requirements of subdivision four and five of this section to fill such vacancy (emphasis added).
A "missing person" status does not qualify as a vacancy which can be filled pursuant to the Election Law statutes.
Petros Krommidas is a missing person, and has not been legally declared deceased.
Consequently, the "Certificate of Substitution by Committee to Fill Vacancies After Declination, Death, or Disqualification" filed herein contained a material misrepresentation of the legal status of the person sought to be substituted. 
Even assuming arguendo that there was a valid vacancy necessitating substitution, the substitution here was made by an improper committee, the Committee to Fill Vacancies, and not made by, e.g., a party committee, thereby making the substitution facially insufficient. When there is a vacancy made in a nomination after the primary election the committed named in the designating petition has no function and is without authority (Matter of Venditto v. Roth, 110 AD3d 908, 910 [2nd Dep't 2013] [citing Matter of Dillon v. Roberts, 193 Misc 6, 9, 85 N.Y.S.2d 228 [Sup. Ct. Albany County 1948]). The cases relied upon by Counsel to the Democrat Commissioner to the Board of Elections are not applicable here since one of the issues raised before this Court is not whether committees to fill vacancies generally have the authority to fill vacancies, but [*4]whether the Democrat Party's Committee to Fill Vacancies can fill a vacancy pursuant to Election Law § 6-148(3). The statute is explicit; the Committee cannot do so.
The Court notes that its research on the issues presented in the proceeding at bar revealed similar, but not identical, factual circumstances involving Nicholas Begich Sr., a former U.S. Congressman from Alaska. In 1972, Begich was a candidate for the United States Congress, but unfortunately on October 16, 1972, the plane he was flying in disappeared and neither his body, other occupants, nor the plane were ever located (About Nick Begich, https://www.nickbegichfund.org/about-nick-begich/ [Nick Begich Scholarship Fund, last accessed Sept. 25, 2025]). However, unlike here, there was no attempt to substitute Nicholas Begich from the ballot. Congressman Begich, while missing, remained on the ballot, won the congressional seat in the 1972 general election, and was eventually officially declared deceased on December 29, 1972 (id.). After he was declared dead, a special election was held and Don Young was elected in 1973 (see Don Young Recognition Act, 117 P.L. 358; 2023 Enacted S 5066; 117 Enacted S 5066; 136 Stat. 6286, 117 P.L. 358, 2023 Enacted S 5066, 117 Enacted S 5066, 136 Stat. 6286).
Accordingly, it is hereby
ORDERED and ADGUDGED that the "Certificate of Substitution by Committee to Fill Vacancies After Declination, Death, or Disqualification," filed by the Democrat Party on September 11, 2025, authorizing James E. Hodge as the substitute candidate in the 4th Legislative District instead of Petros Krommidas is deemed to be void ab initio, and is deemed to be a legal nullity and invalid pursuant to Election Law §§ 6-148 (1), (3); and it is further
ORDERED and ADGUDGED that the Commissioners of the Nassau County Board of Elections are directed not to print the name of the Respondent-Candidate on the official ballot and Petros Krommidas shall remain on the official electoral ballot.
The foregoing constitutes the decision, order and judgment of the Court.
ENTER
DATED: September 29, 2025
HON. GARY F. KNOBEL, J.S.C.

Footnotes

Footnote 1:The undersigned justice lives within the 4th Legislative District; however, as stated on the record during oral argument this fact does not impair my ability to act fair and impartially in determining this proceeding. The undersigned justice does not know the petitioners or Mr. Krommidas or any candidate who is vying to represent the 4th Legislative District.

Footnote 2:"A person who is absent for a continuous period of three years, during which, after diligent search, he or she has not been seen or heard of or from, and whose absence is not satisfactorily explained shall be presumed . . . to have died three years after the death such unexplained absence commenced, or on such earlier date as clear and convincing evidence establishes is the most probable date of death" (EPTL § 2-1.7[a]).

Footnote 3:The Court notes that the substituted Respondent-Candidate was properly served with the order to show cause and petition, was present in Court before the justice who was initially assigned this case, spoke with participants on the morning of September 25, 2025, and was informed of the proceeding at 9:30 a.m. before the undersigned. This Court waited nearly an hour for the Respondent-Candidate to appear virtually or physically in the courtroom as it was represented that the Respondent Candidate was a few blocks away. It was represented at the hearing that the Respondent-Candidate had stopped responding to participants calls and text messages. He has never responded to the Court's email which was sent on the morning of September 25, 2025. 

Footnote 4:The opposition and legal arguments of the Democrat Commissioner to the Board of Elections in this matter is identical with that of the Respondent-Candidate; both seek to have James E. Hodge to be substituted as the candidate; their interests are "united" and the Respondent-Candidate's interests were adequately represented [see Matter of New York State Com.. of the Independence Party v. New York State Bd. Of Elections, 87 AD3d 806 [3d Dep't 2011] [holding that the failure to join a necessary party did not require dismissal since that party's interests were adequately represented]).

Footnote 5:Facial sufficiency in this context is analogous to that of an accusatory instrument in a criminal proceeding. Criminal Procedure Law § 100.40 states that an accusatory instrument is facially sufficient when "[t]he allegations of the factual part of the information, together with those of any supporting deposition which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information" (CPL § 100.40[b]). Similar to an accusatory instrument, the cause for the vacancy stated in the certificate filed at bar is a factual allegation that requires truthfulness.