■ In the Matter of FERNANDO FUENTES, Respondent, v ANTONIA D'APICE et al., Respondents, and TERENCE ZALESKI, Appellant.—In a proceeding to validate a petition designating Fernando Fuentes as a candidate in the Democratic Party primary election to be held on September 9, 1986, for the public office of Member of the New York State Assembly from the 83rd Assembly District, the appeal is from a judgment of the Supreme Court, Westchester County (Walsh, J.), dated August 4, 1986, which granted the application.

Judgment reversed, on the law, without costs or disbursements, application denied, and the Board of Elections is directed to remove the petitioner's name from the appropriate ballot.

Initially, we hold that the instant validation proceeding was not jurisdictionally defective merely because the order to show cause provided that service upon the objectors be effected by mailing a copy of the order and petition on or before July 24, 1986, the last date upon which said proceeding could be timely commenced *(see, Matter of Pell v Coveney,* 37 NY2d 494; *Warner v Canary,* 112 AD2d 1073; *Matter of Gartner v Salerno,* 74 AD2d 958, *lv denied* 49 NY2d 704). We find that under the circumstances, this manner of service gave adequate notice of the proceeding to the objectors and therefore was proper.

However, with respect to the merits of this case, we cannot agree with the Supreme Court, Westchester County, that the challenged signatures on the designating petition were valid, since it is undisputed that the subscribing witnesses' statements attesting thereto omitted or contained incorrect election district designations or unexplained alterations, which defects have repeatedly been held to be fatal *(see,* Election Law § 6-132 [2]; *Matter of Jonas v Velez,* 65 NY2d 954; *Matter of Liss v Sadowski,* 59 NY2d 635; *Matter of Fiorella v Mahoney,* 64 AD2d 1008). Since, absent the challenged signatures, the petitioner had fewer than the minimum number of valid signatures required, his name cannot remain on the ballot.

We additionally note that at the time of argument before Supreme Court, Westchester County, counsel waived production of the transcript in the event of an appeal. Therefore, we

do not have a record upon which to consider any other factual issues presented to that court which may have affected the validity of the designating petition or the proceedings before the Westchester County Board of Elections. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.