OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the matter remitted to that court for consideration of issues not passed upon on the appeal to that court
 
 (see,
 
 122 AD2d 911).
 

 On July 10, 1986 a petition was filed with the Board of Elections designating Helene B. Agatstein as the candidate of the Liberal Party for the 9th Senatorial District. She subsequently declined the designation and the Committee on Vacancies filed a certificate with the Board substituting respondent Miller in her place. Respondent’s candidacy necessarily rests upon the validity of the Agatstein designating petitions and petitioner challenges them in this proceeding.
 

 Supreme Court found that timely personal service had been made on respondent Board and substituted service on respondent Miller, and that it therefore had jurisdiction, that the members of the Committee on Vacancies were not necessary
 
 *763
 
 parties, and, on the merits, that some of the signatures could not be counted because not properly witnessed as the Election Law required. Accordingly, it granted the petition and invalidated the designating petition.
 

 The Appellate Division, by a divided court, reversed. The majority held that the Committee on Vacancies was a necessary party and that because it had not been joined, the petition must be dismissed. We hold otherwise
 
 (see, Matter of Roman v Power,
 
 10 NY2d 793;
 
 Matter of Kowal v Dmochowski,
 
 14 AD2d 665,
 
 affd
 
 10 NY2d 784;
 
 see also, Matter of Manz, 17
 
 AD2d 719; 2 Gassman, Election Law § 120, at 771-772 [2d ed]).
 

 In support of the Appellate Division order, respondent Miller contends in this court that even if the Committee on Vacancies is not a necessary party, Supreme Court did not obtain jurisdiction over him because the show cause order providing for substituted service was void
 
 (see, Matter of O’Daniel v Hayduk,
 
 59 AD2d 706,
 
 affd
 
 42 NY2d 1062;
 
 Matter of Bruno v Ackerson,
 
 51 AD2d 1051,
 
 affd
 
 39 NY2d 718;
 
 Matter of Sahler v Callahan,
 
 92 AD2d 976 [all involving orders lacking a date before which substituted service had to be completed]). The order was executed on July 23 and authorized substituted service "on or before July 28, 1986” although under the statutory deadlines a proceeding could not be commenced after July 24, 1986. Respondent does not claim that timely service was not completed and in fact substituted service was made on him on July 24, 1986.
 

 The Election Law provides that a special proceeding challenging a designating petition shall be commenced upon such notice as the court or Justice shall direct (Election Law § 16-116). In this case the petition contained no blanks, only an erroneous date authorizing service beyond the date the statute permitted for commencing such a proceeding. Petitioner completed service in the manner the court directed and she did so within the time the statute allowed. That the order to show cause mistakenly permitted service beyond that date, until July 28, is of no consequence because the petitioner does not rely on the authorization permitting service áfter July 24 but instead completed substituted service, as the order authorized, during the appropriate time.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Order reversed, without costs, and matter remitted to the
 
 *764
 
 Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.