(March 16, 1987)

■ In the Matter of EUGENIA O. RUTHERFORD, Appellant, v WILLIAM J. JONES, as the Village Clerk of the Village of Menands, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court (Kahn, J.), entered March 4, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming respondents Thomas A. Gibbs, John F. Forner, III, and Paul C. Reuss as the Citizens Party candidates for various public offices in the Village of Menands in the March 18, 1987 general election.

On February 17, 1987, an independent nominating petition was filed with respondent William J. Jones, the Village Clerk of the Village of Menands, purporting to name respondents Thomas A. Gibbs, John F. Forner, III, and Paul C. Reuss as the Citizens Party candidates in the March 18, 1987 general election for the respective offices of Mayor and two Trustees of the Village of Menands. Petitioner, a registered voter in the Village of Menands and an objector to the petition, commenced this proceeding to declare the petition invalid on the grounds that it was not filed within the time limitations of Election Law § 1-106 (1) and that the subscribing witnesses on six of the nine pages inserted the wrong election district in the space provided. In addition, petitioner challenged individual signatures in the petition on various grounds.

On February 27, 1987, petitioner moved for summary judgment on the timeliness issue and on the ground that several pages of the petition contained the wrong election district. After a hearing, Supreme Court denied petitioner's motion and dismissed the proceeding. This appeal by petitioner ensued.

Election Law § 1-106 (1) provides that "[a]ll papers required to be filed pursuant to the provisions of this chapter shall, unless otherwise provided, be filed between the hours of nine A.M. and five P.M.". At the hearing, Jones testified that he arrived at his office in the Village Hall on February 17, 1987 at 8:30 A.M. Forner was waiting in the hallway with the nominating petition which is the subject of this proceeding. Jones took the petition and told Forner that he would file it for him when the office opened. Jones then unlocked the door to his office and left it unlocked while he went to the office next door for a cup of coffee. At some point between 9:30 A.M. and 10:00 A.M., Jones stamped the nominating petition and

noted 8:30A.M. as the time received. The petition was deemed "filed" when it was handed to Jones *(see,* 50 NY Jur 2d, Elections, § 365, at 175; *Matter of Hutchins v Culver,* 104 AD2d 533, 534). Further, the time limits in Election Law § 1-106 (1) "are mandatory and 'the judiciary is foreclosed from fashioning exceptions, however reasonable they might be made to appear' " *(supra,* at 534, quoting *Matter of Sheehan v Aylward,* 84 AD2d 602, 603, *affd* 54 NY2d 934). In *Hutchins* we held, on virtually identical facts, that objections to a designating petition which were filed with a board of elections at 8:31 A.M. were not filed in compliance with Election Law § 1-106 (1). Thus, since Forner filed the nominating petition herein at about 8:30 A.M., it was not timely filed.

Even if the nominating petition is considered timely filed, it must be declared invalid for lack of sufficient valid signatures. The subscribing witnesses on pages 1, 2, 3, 4, 5 and 8 of the nominating petition inserted either the number 38 or 41 to designate the election district in which they resided. On the remaining three pages of said petition, no election district was designated. Petitioner argues that since the village only constitutes a single election district for village elections *(see,* Election Law § 15-110 [1]), a fact verified by Jones, the inclusion of an improper election district on the six pages invalidates those pages.

Election Law § 15-108 (4) provides that a subscribing witness to a village independent nominating petition must state, *inter alia,* the village election district in which he or she resides. Here, the insertion of the numbers 38 or 41 was incorrect. An omission or error in the recording of an assembly district or election district has been held to be fatal since the statutory provisions requiring such information must be strictly construed *(see, Matter of Fuentes v D'Apice,* 122 AD2d 904, *appeal dismissed* 68 NY2d 765; *Matter of Faulstitch v Kasper,* 122 AD2d 903; *Matter of Liepshutz v Palmateer,* 112 AD2d 1101, 1103-1104, *affd* 65 NY2d 965; *see also, Matter of Higby v Mahoney,* 48 NY2d 15). Therefore, the signatures on these six pages must be invalidated.

Election Law § 15-108 (6) requires that an independent nominating petition for village office for a village containing a population of more than 3,000 but less than 5,000, like the Village of Menands, contain at least 75 signatures. Out of the 129 signatures in this nominating petition, 88 signatures appear on pages 1, 2, 3, 4, 5 and 8. Since, after invalidating those 88 signatures, only 41 signatures remain, the nominating petition lacks a sufficient number of signatures.

Judgment reversed, on the law, without costs, petition granted, and the independent nominating petition naming respondents Thomas A. Gibbs, John F. Forner, III, and Paul C. Reuss as the Citizens Party candidates for various public offices in the Village of Menands for the March 18, 1987 general election is declared invalid. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.