(August 29, 1988)

In the Matter of DOROTHY JONES et al., Appellants, v GEORGE P. SCARINGE et al., Constituting the Albany County Board of Elections, et al., Respondents. (Proceeding No. 1.) (And Eight Other Related Proceedings.) In the Matter of RANDOLPH M. PETERKIN et al., Respondents, v GEORGE P. SCARINGE et al., Constituting the Albany County Board of Elections, Respondents, and LYVETTE HAMPTON et al., Appellants. (Proceeding No. 10.)—Per Curiam. Appeal from an order and judgment of the Supreme Court (Doran, J.), entered August 19, 1988 in Albany County, which (1) dismissed petitioners' applications, in nine proceedings pursuant to Election Law § 16-102, to declare invalid various respondents' designating petitions for the position of Member of the Albany County Democratic Committee in the September 15, 1988 primary election, and (2) granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition of respondents Lyvette Hampton and Isiah Quarterman for the position of Member of the Albany County Democratic Committee in the September 15, 1988 primary election.

Petitioners commenced these 10 proceedings to declare invalid the designating petition of certain respondents seeking the nomination for the party position of Member of the Albany County Democratic Committee from the nine election districts in the Third Ward of the City of Albany at the primary election to be held September 15, 1988. In proceedings Nos. 1 through 9 Supreme Court dismissed petitioners' applications, and those petitioners have appealed; in proceed-

ing No. 10 Supreme Court declared invalid the designating petition of respondents Lyvette Hampton and Isiah Quarterman, and those respondents have appealed.

One issue common to all 10 proceedings concerns the use of staples to fasten together the pages of the designating petitions. Election Law § 6-134 (2) requires that the "[s]heets of a designating petition shall be bound together in one or more volumes". In *Matter of Bouldin v Scaringe* (133 AD2d 287, 288, *lv denied* 70 NY2d 604), we described this binding requirement as one "of content rather than form * * * such that strict compliance is required", and we held that the use of a spring clip to hold the pages of a designating petition together was not sufficient, citing *Matter of Braxton v Mahoney* (63 NY2d 691, *revg* 104 AD2d 729). Petitioners contend the *Braxton* case holds that, as a matter of law, the use of staples in a designating petition cannot constitute strict compliance with the binding requirement of Election Law § 6-134 (2). We disagree.

While the Court of Appeals in *Braxton (supra,* at 692) stated that the sheets of the designating petition "were not bound together", the decision is silent as to what method, if any, was used to hold the sheets. Nor does the Fourth Department's decision in that case shed much light on the subject, for the court stated that "[t]he petition contained only two pages which Special Term found were fastened together either by staple or paper clip" *(Matter of Braxton v Mahoney,* 104 AD2d 729, *revd* 63 NY2d 691, *supra).* In fact, Special Term's unreported decision states that the petition was bound "perhaps not by staples, but by paper clip" *(Matter of Braxton v Mahoney,* Sup Ct, Erie County, Aug. 15, 1984, Kubiniec, J., slip opn, at 4, *affd* 104 AD2d 729, *revd* 63 NY2d 691, *supra).* Accordingly, in the absence of a definitive directive to the contrary from the Court of Appeals, we hold that the use of staples of an adequate size, strength and number to securely fasten together the pages of a designating petition constitutes strict compliance with the binding requirement of Election Law § 6-134 (2). Guided by this general principle, we find that the designating petitions at issue herein are properly bound.

Since the only issue raised in proceedings Nos. 2, 6 and 7 concerns the use of staples to bind the designating petitions, Supreme Court properly dismissed petitioners' applications in those proceedings. As to proceedings Nos. 1 and 3, we are of the view that certain sheets of the designating petitions therein should be invalidated due to unexplained and uninitialed alterations of material and essential elements in the

subscribing witnesses' statements, but we further find that there are sufficient remaining valid signatures to sustain those designating petitions. As to proceeding No. 5, we agree with petitioners' claims that the subscribing witness's statements on pages 1 through 4 contain the wrong address requiring invalidation of those pages, and that at least six line alterations on pages 5 and 6 were not properly initialed; since the remaining valid signatures are insufficient, the designating petition in proceeding No. 5 must be declared invalid.

As to proceedings Nos. 4 and 9, petitioners contend that the subscribing witnesses' statements on a number of sheets of the designating petitions therein contain the incorrect election district, rendering the entire sheets invalid. We agree that the insertion of the wrong election district in a subscribing witness's statement is a fatal defect. The contents and form for designating petitions are specified in Election Law § 6-132, including the requirement that the subscribing witness state his or her election district. As we have said, "An omission or error in the recording of an assembly district or election district has been held to be fatal since the statutory provisions requiring such information must be strictly construed" *(Matter of Rutherford v Jones,* 128 AD2d 978, 979, *lv denied* 69 NY2d 606). We reject respondents' contention that an exception to the general rule should be created for designating petitions for the party position of member of a county committee *(see, Matter of Rutter v Coveney,* 38 NY2d 993, 994 [where the court said, "To make exceptions * * * although seemingly justified in a particular instance, sanctions a practice which in another circumstance could lead to abuses"]). Since the subscribing witnesses on a number of sheets of the designating petitions in proceedings Nos. 4 and 9 inserted incorrect election districts, all signatures on those sheets must be invalidated *(see, Matter of Rutherford v Jones, supra);* since the remaining valid signatures are insufficient, the designating petitions in those two proceedings must be declared invalid.

As to proceedings Nos. 8 and 10, petitioners contend that fraud permeates all of the petitions obtained by the candidates/subscribing witnesses. Supreme Court found no fraud in proceeding No. 8. In proceeding No. 10, however, Supreme Court found a pattern of irregularity and, due to the candidates' participation in obtaining the signatures, declared the designating petition invalid. We agree with Supreme Court's findings and conclusions in proceedings Nos. 8 and 10 *(compare, Matter of Rodriguez v Harris,* 51 NY2d 737, *with Matter of Haskell v Gargiulo,* 51 NY2d 747).

Petitioners also contend that Supreme Court erred in its calculation of the number of valid signatures necessary in each of the proceedings. Since the margin of error claimed by petitioners would not affect the outcome in any of the proceedings, there is no need to address the issue.

Order and judgment modified, on the law, without costs, by (1) deleting therefrom the seventh decretal paragraph and substituting therefor a paragraph stating that, in proceeding No. 4, the insertion of an incorrect election district of residence for the subscribing witness on pages 1, 2, 3, 5, 6 and 7 of the designating petition is a fatal defect and that the petition is granted, (2) modifying the eighth decretal paragraph to provide that, in proceeding No. 5, the insertion of the wrong address for the subscribing witness on pages 1, 2, 3 and 4 of the designating petition, and uninitialed and unexplained alterations on lines 1, 4 and 6 of page 5 and lines 2, 3 and 5 of page 6 of the designating petition are fatal defects and that the petition is granted, (3) modifying the 10th decretal paragraph to provide that, in proceeding No. 9, the statement of an erroneous election district of residence for the subscribing witness on page 1 of the designating petition is a fatal defect and that the petition is granted, and (4) modifying the 12th decretal paragraph to include proceedings Nos. 4, 5 and 9; and, as so modified, affirmed. Kane, J. P., Casey, Levine and Mercure, JJ., concur.