■ In the Matter of JEFFREY T. BULEY, Respondent, v HENRY TUTUNJIAN et al., as Commissioners of the Rensselaer County Board of Elections, Respondents, and DOMINIC V. PANICHI et al., Appellants.—Per Curiam. Appeal from a judgment of the Supreme Court (Keniry, J.), entered August 15, 1989 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Dominic V. Panichi as a Republican Party candidate for the office of Rensselaer County Legislator, Second Legislative District, in the September 12, 1989 primary election.

Petitioner commenced this proceeding to declare a petition purporting to name, among others, respondent Dominic V. Panichi as the Republican Party candidate for the office of Rensselaer County Legislator, Second Legislative District. Supreme Court granted the petition and declared the designating petition invalid due to uninitialed alterations in individual signature lines and subscribing witness statements. This appeal ensued.

At the outset, we agree with Supreme Court's finding that the improper service of the order to show cause and petition on certain named respondents is not cause for dismissal as to Panichi over whom sufficient jurisdiction was properly obtained. The improperly served respondents, the committee to fill vacancies, were not necessary parties such that they must be joined to avoid dismissal of the petition *(see, Matter of Berman v Board of Elections,* 68 NY2d 761; *Matter of Roman v Power,* 10 NY2d 793).

Turning to the merits, we agree with Supreme Court's apparent reasoning that initials are required for each alteration made to a petition *(see, Matter of Jonas v Velez,* 65 NY2d

954) and its subsequent conclusion as to petition sheet number 8 that one set of initials is insufficient when applied to a signature line where both the ward number and election district number have been altered *(cf., Matter of Liepshutz v Palmateer,* 112 AD2d 1101, 1103-1104, *affd* 65 NY2d 965). However, we reverse as to the signatures found on lines 19 and 20 of sheet number 8, as only one alteration was made, the election district; thus, only one set of initials was needed.

We also reverse as to Supreme Court's invalidation of those 12 signatures found on sheet number 14 of the petition. Although an unexplained and uninitialed alteration of a subscribing witness' statement invalidates the entire petition sheet *(see, Matter of Jonas v Velez, supra,* at 955), we simply do not find the first letter of the word "Troy" in the address of the subscribing witness, written first with a "W" and then with a "T", to be an alteration such as to nullify the petition sheet.

Finally, by finding a total of 14 signatures improperly invalidated by Supreme Court, we recalculate the number of valid signatures contained in the petition at 263, one more than that required. Consequently, the designating petition was valid.

Judgment reversed, on the law, without costs, and petition dismissed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.