(June 13, 1990)

■ In the Matter of LINDA C. GUCCIARDO, Respondent, v GEORGE WOLF et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and WILLIAM KELLY, Appellant.—In a proceeding pursuant to Election Law article 16 to validate a petition nominating Linda C. Gucciardo as a candidate in the village election to be held on June 19, 1990, for the public office of Mayor of the Village of Asharoken, the appeal is from a judgment of the Supreme Court, Suffolk County (Leis, J.), dated June 5, 1990, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

There is no merit to the appellant's contention that the proceeding was not timely commenced. The petitioner commenced this proceeding to validate her nomination as an independent candidate for the public office of Mayor of the Village of Asharoken by order to show cause dated May 29, 1990, within seven days after the last day to file the petition for the election (see, Election Law § 16-102 [2]). In addition, service was effectuated upon the appellant in the manner specifically prescribed in the order to show cause. That manner of service gave adequate notice of the proceeding to the appellant and, therefore, was proper (see, Election Law § 16-102; Matter of Pell v Coveney, 37 NY2d 494; Matter of Fuentes v D'Apice, 122 AD2d 904; see also, Matter of Berman v Board of Elections, 68 NY2d 761, 763; Matter of Contessa v McCarthy, 40 NY2d 890, 891; cf., Matter of Moore v Milhim, 109 AD2d 810).

The appellant further argues that the nominating petition is invalid because it was not "bound" as required by Election Law § 6-134 (2) when it was submitted to the Village Clerk. In this regard, the Supreme Court found, after a hearing, that the petition was stapled by the Village Clerk in the presence of the petitioner. This conclusion is supported by the record and should not be disturbed. We observe that village elections are governed by Election Law article 15 which does not contain a provision requiring that a nominating petition for village office be "bound" (see, Election Law § 15-108 [4]). Even assuming that Election Law § 6-134 (2) were applicable, the Village Clerk's "use of staples of an adequate size, strength and number to securely fasten together [the petitioner's eight-page nominating petition] constitutes strict compliance with the binding requirement of Election Law § 6-134 (2)" (Matter of Jones v Scaringe, 143 AD2d 294, 295; see, Matter of Braxton v Mahoney, 63 NY2d 691, 692; cf., Matter of Bouldin v Scaringe, 133 AD2d 287).

Accordingly, the Supreme Court properly validated the nominating petition. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.