■ In the Matter of ROBERT J. VALLI, Respondent, v SINITA WALKER, Respondent, and MICHAEL J. CAMARDI et al., Appellants. (Proceeding No. 1.) In the Matter of ROBERT PREVIDI, Respondent, v MICHAEL J. CAMARDI et al., Appellants, et al., Respondents. (Proceeding No. 2.)—In two consolidated proceedings to invalidate a petition designating Michael J. Camardi, Frank C. Quinn, Jr., Mary Jane Davies, and Thomas S. Halpin as candidates in the Conservative Party primary election to be held on September 12, 1991, for the nomination of that party as its candidates for the public offices of Supervisor and Members of the Town Council of the Town of North Hempstead, respectively, the appeal is from a judgment of the Supreme Court, Nassau County (Yachnin, J.), dated August 19, 1991, which granted the applications.

Ordered that the judgment is affirmed, without costs or disbursements.

Initially, we hold that these consolidated proceedings are not jurisdictionally defective merely because the order to show cause in Proceeding No. 2, which was amended by the court at the petitioners' request after they were unable to personally serve certain candidates, provided for service pursuant to CPLR 308 (4) on or before August 5, 1991, the last date upon which such a proceeding could be timely commenced (see, Matter of Fuentes v D'Apice, 122 AD2d 904; Matter of

*Gucciardo v Wolf,* 162 AD2d 570; *Matter of Pell v Coveney,* 37 NY2d 494).

However, with respect to the merits of the case, we find that a fraud was committed on the enrolled voters of the Conservative Party of Nassau County when the names of certain persons, including the Nassau County Chairman of the Conservative Party, were placed on the offending designating petition without their consent. The designating petition was therefore misleading in suggesting "that the various candidates listed intended to run together" *(Matter of Richardson v Luizzo,* 64 AD2d 942, 943, *affd* 45 NY2d 789; *Matter of Lufty v Gangemi,* 35 NY2d 179, 182). Mangano, P. J., Thompson, Sullivan and Lawrence, JJ., concur.