■ In the Matter of VERA PHANELSON et al., Respondents, v IRIS PABON et al., Appellants. [596 NYS2d 144] —In a proceeding pursuant to Election Law article 16 to declare invalid the nominating petition purporting to nominate Iris Pabon for the office of New York Community School Board Member in the Nineteenth Election District in Kings County in the School Board Election to be held on May 4, 1993, Iris Pabon appeals from an amended judgment of the Supreme Court, Kings County (Garry, J.), dated March 24, 1993, which granted the petition and directed the Board of Elections of the City of New York to remove her name from the appropriate ballot.

Ordered that the amended judgment is affirmed, without costs or disbursements.

It is well settled that an incorrect statement of the assembly or election districts of a signatory or subscribing witness on a nominating petition is a fatal defect *(see,* Election Law § 6-140; *Matter of Liss v Sadowski,* 59 NY2d 635; *Higby v Mahoney,* 48

NY2d 15) unless the error was caused by confusion due to reapportionment *(see, Matter of Sciarra v Donnelly,* 34 NY2d 970; *Matter of Cox v Wells,* 57 AD2d 635).

In this case, the Supreme Court struck 43 signatures from a 1993 designating petition for the office of New York Community School Board Member on the ground that it was stated that certain subscribing witnesses and signatories resided in the former election districts which existed prior to the 1992 reapportionment. We agree with the Supreme Court's conclusion that these signatures were invalid, since it was not demonstrated that the incorrect election district designations were caused by confusion due to the reapportionment of the prior year. We note that the New York City Board of Elections issued new enrollment books reflecting the new assembly and election districts at least six months prior to the date of the subject nominating petition *(cf., Matter of Berger v Acito,* 64 AD2d 949).

Contrary to the appellant's contention on appeal, "Amendment to 1992 Designating and Independent Petition Rules", issued by the New York City Board of Elections, which provided that old or new election and assembly district designations would be valid, applied only to 1992 elections. The New York City Board of Elections publishes a set of rules annually. Since, without the 43 stricken signatures, the appellant has fewer than the minimum number of valid signatures, the Supreme Court properly removed her name from the ballot *(see, Matter of Fuentes v D'Apice,* 122 AD2d 904). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.