■ In the Matter of FRANK A. TINARI, Appellant, v GERALD BERGER et al., Respondents. [601 NYS2d 345] —In a proceeding to invalidate a petition designating James F. X. Doyle as a

candidate in a primary election to be held on September 14, 1993, for the nomination of the Conservative Party as its candidate for the public office of Family Court Judge, Suffolk County, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered August 11, 1993, which dismissed the proceeding for lack of personal jurisdiction.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

On July 29, 1993, the last possible date upon which the petitioner could have commenced the foregoing proceeding (see, Election Law § 16-102), the petitioner served the respondent candidate Doyle with a petition and supporting papers by affixing copies of these papers to the door of Doyle's residence and subsequently mailing copies of the papers to that address that same evening. The petitioner had effectuated service upon Doyle in this manner (see, CPLR 308 [4]) pursuant to an amended order to show cause signed after the petitioner had been unable to comply with the requirement in the original order to show cause that all named respondents in this proceeding be personally served.

A proceeding pursuant to Election Law § 16-102 must be commenced "upon such notice to such * * * persons * * * as the court or justice shall direct" (Election Law § 16-116; see, Matter of Berman v Board of Elections, 68 NY2d 761). Contrary to the Supreme Court's findings, we find that the petitioner's service upon Doyle was proper and in compliance with the amended order to show cause, inasmuch as the manner of service gave adequate notice of the proceeding to Doyle (see, CPLR 308 [4]; Matter of Serri v Heffernan, 298 NY 629; Matter of O'Connor v Power, 30 AD2d 926, affd 22 NY2d 889; Matter of Valli v Walker, 175 AD2d 895).

Further, the Supreme Court's holding that the failure to properly serve one of the members of the Committee to Fill Vacancies, all of whom were named respondents in this action, is similarly not a ground for dismissal of the proceeding as to Doyle, inasmuch as the members of the Committee are not necessary parties such that they must be joined to avoid dismissal of the proceeding (see, Matter of Berman v Board of Elections, supra; Matter of Buley v Tutunjian, 153 AD2d 784). Sullivan, J. P., Eiber, O'Brien and Joy, JJ., concur.