In the Matter of NATHANIEL E. MORGAN et al., Respondents, v CYNTHIA JENKINS, Appellant, and BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent. [617 NYS2d 516] — In a proceeding pursuant to Election Law article 16 to declare invalid a petition nominating Cynthia Jenkins as a candidate for the Freedom Party as its candidate for the public office of Member of the Assembly, for the 29th Assembly District in the general election to be held on November 8, 1994, Cynthia Jenkins appeals from a judgment of the Supreme Court, Queens County (Hanophy, J.), dated October 3, 1994, which, *inter alia,* granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The issue on this appeal is whether the Election Law requires the invalidation of signatures on a nominating petition when the subscribing witness incorrectly states the election district in which he or she resides. It is well settled that an incorrect statement of the assembly or election district of a signatory or subscribing witness on a nominating petition is a fatal defect *(see,* Election Law § 6-140; *Matter of Liss v Sadowski,* 59 NY2d 635; *Matter of Higby v Mahoney,* 48 NY2d 15; *Matter of Phanelson v Pabon,* 192 AD2d 609), unless the error

was caused by confusion due to reapportionment *(see, Matter of Sciarra v Donnelly,* 34 NY2d 970; *Matter of Phanelson v Pabon, supra).*

Here, the Supreme Court struck 101 signatures from the nominating petition on the ground that the election district of subscribing witness Dorothy Hill had been incorrectly stated. Although Ms. Hill resided in the fourth election district, and her voter registration card, with which she had voted twice without incident, so stated, her election district on the petition, which was filled out by a campaign worker and not by Ms. Hill, was designated as the eighth. The campaign worker had relied on an outdated County Street Finder, although a more current one, as well as other methods for confirming Ms. Hill's election district, were available. There is no evidence in the record that this error was caused by confusion due to reapportionment. We therefore affirm the judgment invalidating the petition. Pizzuto, J. P., Altman, Hart and Krausman, JJ., concur.