■ In the Matter of WAYNE R. STINSON, Appellant, v LEWIS L. WILSON et al., Constituting the Schoharie County Board of Elections, et al., Respondents. [630 NYS2d 810] —Per Curiam. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 15, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Harvey E. Stoddard as the Conservative Party candidate for the office of Schoharie County Sheriff in the September 12, 1995 primary election.

This proceeding was commenced by an order to show cause dated July 27, 1995, the last permissible day to do so. The original order to show cause permitted service upon respondent Harvey E. Stoddard only by personal delivery or by substituted service at his residence. Having failed in his efforts to complete service pursuant to the original order to show cause, petitioner, later that same day, obtained a supplemental order to show cause which permitted substituted service on Stoddard, the incumbent Schoharie County Sheriff, by delivery to the Schoharie County Sheriff's Department and by mailing; substituted service was effected before the end of the day on July 27, 1995. Notably, the supplemental order to show cause does not contain a date by which service was to be effected.

We affirm upon grounds other than those stated by Supreme Court. The failure of the supplemental order to show cause to provide a date by which service was to be made is fatal. The absence of a date when service is to be completed has "the effect of striking the provision for substituted service" (Matter of O'Daniel v Hayduk, 59 AD2d 706, 707, affd on mem below 42 NY2d 1062; see, Matter of Sahler v Callahan, 92 AD2d 976, 977). Although it might be argued that the absence of a date for service should be ignored in the instant case because service was timely, it is significant that the service in Matter of

O'Daniel v Hayduk (supra) was also timely (cf., Matter of Berman v Board of Elections, 68 NY2d 761, 763 [a case where service was timely; however, the Court of Appeals clearly made a distinction between a situation where the date for service is left blank and where an erroneous date has been inserted in the order to show cause]). Accordingly, the service upon Stoddard was jurisdictionally defective and the proceeding should be dismissed on that basis.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.