■ In the Matter of Francis X. Becker, Appellant, v Adam M. Shapiro, Respondent, et al., Respondent. [975 NYS2d 62]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Adam M. Shapiro as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator, 6th Legislative District; to invalidate the Committee to Fill Vacancies created by the designating petition; and to invalidate the certificate of substitution filed by the Committee to Fill Vacancies upon the disqualification of Adam M. Shapiro, the petitioner appeals from a final order of the Supreme Court, Nassau County (Driscoll, J.), entered October 2, 2013, which denied the petition and dismissed the proceeding.

Ordered that the final order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to invalidate the certificate of substitution filed by the Committee to Fill Vacancies upon the disqualification of Adam M. Shapiro, and substituting therefor a provision granting that branch of the petition; as so modified, the final order is affirmed, without costs or disbursements.

On July 23, 2013, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Adam M. Shapiro as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator, 6th Legislative District. The petitioner alleged that Shapiro did not meet the residency requirements for the office as set forth in the Nassau County Charter (hereinafter the Charter). According to the Charter, a candidate must reside in the county legislative district which such person represents, or seeks to represent, at the time of his or her nomination to the office (see Nassau County Charter § 104 [4]). The Supreme Court, in effect, denied the petition as premature, with leave to renew.

It is undisputed that, as of September 10, 2013, the date of the primary election, Shapiro still did not reside in the 6th Legislative District. As a result, he did not meet the residency requirement of the Charter. Thereafter, on September 13, 2013, the Committee to Fill Vacancies, which was created by the petition designating Shapiro as a candidate (*see* Election Law § 6-132 [1]), filed a certificate of substitution naming a substitute candidate for that public office. Subsequently, the petitioner sought to invalidate, inter alia, the designating petition, the Committee to Fill Vacancies, and the certificate of substitution. The Supreme Court denied the petition and dismissed the proceeding.

The Supreme Court correctly denied those branches of the petition which were to invalidate the designating petition and the Committee to Fill Vacancies (*see Matter of Venditto v Roth*, 110 AD3d 908 [2013] [decided herewith]). However, the Supreme Court erred in denying that branch of the petition which was to invalidate the certificate of substitution.

"After the primary election has been held the committee named in the designating petition has no function and is without authority" (*Matter of Dillon v Roberts*, 193 Misc 6 [Sup Ct, Albany County 1948]). Election Law § 6-148 (3) provides, in relevant part, that "[a] vacancy in a nomination made at a primary . . . may be filled by a majority of the members of the party committee or committees last elected in the political subdivision in which the vacancy occurs." The "statute is explicit" that the procedure outlined in Election Law § 6-148 (3) governs a vacancy in a nomination that has been made at a fall primary (*Matter of Dillon v Roberts,* 193 Misc at 9; *cf. Matter of Kryzan v New York State Bd. of Elections*, 55 AD3d 1217, 1219 [2008]). Shapiro's disqualification at the time of his nomination, pursuant to the residency provision in the Charter, created a vacancy made in a nomination at a primary, as opposed to a vacancy in a designation. Consequently, the substitution should have been made pursuant to Election Law § 6-148 (3), not by the Committee to Fill Vacancies (*see Matter of Venditto v Roth,* 110 AD3d 908 [2013] [decided herewith]).

Shapiro contends that the residency requirement for nominees as set forth in the Charter is unconstitutional and, thus, he should not have been disqualified. In particular, Shapiro challenges § 112 (3) of the Charter, which grants incumbents one year to move into a newly drawn district following a "readjustment or alteration of the county legislative district." Shapiro argues that the Charter, in requiring nonincumbents to reside

in the legislative district at the time of their nomination, does not afford nonincumbents the same opportunity. " 'Legislative enactments enjoy a strong presumption of constitutionality . . . [and] parties challenging a duly enacted statute face the initial burden of demonstrating the statute's invalidity "beyond a reasonable doubt" ' " (*Overstock.com, Inc. v New York State Dept. of Taxation & Fin.*, 20 NY3d 586, 593 [2013]). Based on the record before us, Shapiro failed to meet his initial burden of demonstrating beyond a reasonable doubt that the Charter's residency provisions violated the Equal Protection Clauses of the United States Constitution (US Const, 14th Amend, § 1) or the New York Constitution (NY Const, art I, § 11).

Shapiro's remaining contention, that the proceeding should have been dismissed for failure to join all the necessary parties within the statutory period, is without merit. Contrary to Shapiro's contention, the Committee to Fill Vacancies was not a necessary party to this proceeding (*see Matter of Berman v Board of Elections of County of Nassau*, 68 NY2d 761, 763 [1986]; *Matter of Hunter v New York State Bd. of Elections*, 32 AD3d 662, 663 [2006]; *Matter of Elgin v Smith*, 10 AD3d 483, 484 [2004]; *Matter of Tinari v Berger*, 196 AD2d 622, 623 [1993]). Furthermore, the petitioner moved to add the purported substituted candidate as a party, and the purported substituted candidate was duly served with process.

Accordingly, the Supreme Court should have granted that branch of the petition which was to invalidate the certificate of substitution. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.