In a proceeding pursuant to Election Law § 16-102, inter alia, *909 to invalidate a petition designating Gregg Roth as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator, 12th Legislative District; to invalidate the Committee to Fill Vacancies created by this designating petition; and to invalidate the certifícate of substitution filed by the Committee to Fill Vacancies upon the disqualification of Gregg Roth, Gregg Roth appeals from a final order of the Supreme Court, Nassau County (Diamond, J.), entered September 26, 2013, which granted the petition.
Ordered that the final order is modified, on the law, by deleting the provisions thereof granting those branches of the petition which were to invalidate the petition designating Gregg Roth as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator, 12th Legislative District, and to invalidate the Committee to Fill Vacancies created by the designating petition, and substituting therefor provisions denying those branches of the petition and dismissing those portions of the proceeding; as so modified, the final order is affirmed, without costs or disbursements.
On July 23, 2013, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Gregg Roth as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Nassau County Legislator, 12th Legislative District. The petitioner alleged that Roth did not meet the residency requirements for the office as set forth in the Nassau County Charter (hereinafter the Charter). According to the Charter, a candidate must reside in the county legislative district which such person represents, or seeks to represent, at the time of his or her nomination to the office (see Nassau County Charter § 104 [4]). By amended order dated August 5, 2013, the Supreme Court denied the petition as premature, with leave to renew. It is undisputed that, as of September 10, 2013, the date of the primary election, Roth did not live in the 12th Legislative District. As a result, he did not meet the residency requirement of the Charter. Thereafter, on September 13, 2013, the Committee to Fill Vacancies, which was created by the petition designating Roth as a candidate (see Election Law § 6-132 [1]), filed a certificate of substitution naming a substitute candidate for that public office. Subsequently, the petitioner sought to invalidate the designating petition, the Committee to Fill Vacancies ere *910 ated by the designating petition, and the certificate of substitution. The Supreme Court granted the petition on the ground that Roth did not meet the residency requirement of Nassau County Charter § 104 (4) and, thus, the Supreme Court concluded that Roth was ineligible to be elected and that the designating petition was invalid. Furthermore, according to the Supreme Court, since the designating petition was invalid, Roth was not nominated. Since a valid nomination is a prerequisite to the creation of a vacancy, no Committee to Fill Vacancies was created within the meaning of Election Law § 6-148 (2).
The mere fact that Roth failed to meet the residency requirements for the public office of Nassau County Legislator, 12th Legislative District, did not invalidate the petition designating him as a candidate or the Committee to Fill Vacancies, which was created by the designating petition and was authorized to fill a vacancy in a designation (see Matter of Espada v Diaz, 98 NY2d 715 [2002]; Matter of Owens v Sharpton, 45 NY2d 794 [1978]; Matter of Lawrence v Spelman, 264 AD2d 455 [1999]). Thus, the Supreme Court erred in granting those branches of the petition which were to invalidate the designating petition and the Committee to Fill Vacancies.
The vacancy at issue here was created at the time of Roth’s nomination, when he still did not reside in the district. This constituted a vacancy in nomination rather than in designation. Election Law § 6-148 (3) states, in relevant part, as follows: “A vacancy in a nomination made at a primary . . . may be filled by a majority of the members, of the party committee or committees last elected in the political subdivision in which the vacancy occurs.”
Here, since Roth’s disqualification created a vacancy made in a nomination at a primary, any substitution should have been made pursuant to Election Law § 6-148 (3), not by the Committee to Fill Vacancies. “After the primary election has been held the committee named in the designating petition has no function and is without authority” (Matter of Dillon v Roberts, 193 Misc 6, 9 [Sup Ct, Albany County 1948]). The “statute is explicit” that the procedure outlined in Election Law § 6-148 (3) governs a vacancy in a nomination that has been made at a fall primary (id.; cf. Matter of Kryzan v New York State Bd. of Elections, 55 AD3d 1217, 1219 [2008]). Since the purported substitution was not made in accordance with Election Law § 6-148 (3), it was invalid.
Accordingly, the Supreme Court properly granted that branch of the petition which was to invalidate the certificate of substitution.
*911 Roth’s constitutional challenge to the residency requirement set forth in the Charter is without merit (see Matter of Becker v Shapiro, 110 AD3d 874 [2013] [decided herewith]).
Roth’s remaining contention is raised for the first time on appeal, and is not properly before this Court. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.