Matter of McCrae v Forte (2022 NY Slip Op 05260)

Matter of McCrae v Forte

2022 NY Slip Op 05260

Decided on September 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-07525
 (Index No. 714538/22)

[*1]In the Matter of Ellen McCrae, et al., petitioners-respondents, 
v
Stefano Forte, appellant, Board of Elections in the City of New York, respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate an independent nominating petition nominating Stefano Forte as a candidate of the Independence Party in a general election to be held on November 8, 2022, for the public office of New York State Senator for the 11th Senatorial District, Stefano Forte appeals from a final order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated August 16, 2022. The final order, after a hearing, granted the petition, inter alia, to invalidate the independent nominating petition and invalidated the independent nominating petition.
ORDERED that the final order is affirmed, without costs or disbursements.
On May 20, 2022, the New York State Supreme Court promulgated the 2022 New York Senatorial District Maps, pursuant to the 2021 decennial census, for the November 8, 2022, general election (see Harkenrider v Hochul , 2022 NY Slip Op 31471 [U] [Sup Ct, Steuben County]). The first day for a candidate to be eligible to collect signatures was May 21, 2022. That date was the first day Stefano Forte commenced collecting the signatures of registered voters on an independent nominating petition seeking to be nominated as a candidate of the Independence Party for the public office of New York State Senator for the 11th Senatorial District.
Forte timely filed his independent nominating petition with the Board of Elections in the City of New York (hereinafter the BOE) alleging that it contained 4,162 valid signatures. Ellen McCrae timely filed general and specific objections to the independent nominating petition before the BOE, and subsequently filed an order to show cause and a verified petition, inter alia, to invalidate the independent nominating petition. The BOE considered a clerk's report that made recommendations regarding invalidating 1,855 signatures on sheets, including 1,106 signatures due to them being outside of the 11th Senatorial District. Per the recommendations, that would leave 2,307 valid signatures and put Forte's independent nominating petition 693 signatures short of the 3,000 signatures needed to appear on the November 8, 2022, general election ballot. Despite the shortfall in signatures, the BOE ultimately validated the independent nominating petition by a vote of four in favor, four opposed, and one abstention.
At a hearing before the Supreme Court, all parties accepted the clerk's report. Forte proffered that certain signatures on his nominating petition may belong to voters who, under the new boundaries of the 11th Senatorial District, reside outside of the District, although he did not specify which ones. He also asserted that, under the unique circumstances of the decennial reapportionment [*2]that happens every 10 years, these signatures should be declared valid, as he should not be penalized for relying on the old boundaries of the 11th Senatorial District when gathering signatures for the nominating petition. He argued that the BOE was obligated to make voter information, specifically maps and street finders for the new 11th Senatorial District available, and that the BOE's failure to do so was what caused him to obtain signatures of voters outside of the new 11th Senatorial District.
McCrae asserted in opposition that an interactive map of the new state senatorial district boundaries was available immediately as the new maps were finalized, that this map could be found through a brief internet search, and that updated street finders were not essential to determine district boundaries. Thus, she argued that Forte had notice of the changes to the boundaries of the 11th Senatorial District and was obligated to take the necessary steps to gather signatures from voters who resided within the new 11th Senatorial District.
After the hearing on the petition, inter alia, to invalidate, the Supreme Court issued a final order granting the petition. The court adopted the findings of the clerk's report and invalidated Forte's independent nominating petition. Forte appeals.
Election Law § 6-138 states, "Independent nominations for public office shall be made by a petition containing the signatures of registered voters of the political unit for which a nomination is made who are registered to vote." "While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content" (Matter of Hutson v Bass , 54 NY2d 772, 774). "It is well settled that an incorrect statement of the assembly or election districts of a signatory or subscribing witness on a nominating petition is a fatal defect unless the error was caused by confusion due to reapportionment" (Matter of Phanelson v Pabon , 192 AD2d 609, 609-610 [citations omitted]; see Matter of Sciarra v Donnelly , 34 NY2d 970, 971; Matter of Morgan v Jenkins , 208 AD2d 732, 732-733).
Here, the Supreme Court struck 1,106 signatures from Forte's independent nominating petition on the ground that those signatories resided outside the 11th Senatorial District. The court properly concluded that the signatures were invalid, since Forte failed to demonstrate that the acquisition of signatures from voters residing outside the 11th Senatorial District was caused by confusion due to reapportionment (see Matter of Morgan v Jenkins , 208 AD2d at 732-733; Matter of Phanelson v Pabon , 192 AD2d 609, 609-610). The record reveals that the reapportioned senatorial district maps were made publicly available one day before the petition period for independent nominating petitions began and that Forte could have determined which signatories resided in the 11th Senatorial District based on those maps. Contrary to Forte's contention, he has failed to establish that the absence of revised election district maps or street finders had a significant bearing on his failure to obtain in-district signatures.
Accordingly, the Supreme Court properly granted the petition, inter alia, to invalidate Forte's independent nominating petition and invalidated that petition.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court